HENRY M. DAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30198. Promulgated May 28, 1928.

*Henry Brach, C. P. A.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

162

OPINION.

SIEFKIN: The facts which we have found above seem to us to acquaint the Commissioner of Internal Revenue with the fact that the address of the petitioner was not 70 East 77th Street, New York City, but was instead 165 Hudson Street in the same city, and .to make a notice of deficiency addressed to the wrong address inoperative either to stop the running of the statute of limitations or to start the time within which a petition must be filed with this Board. See *Walter G. Morgan*, 5 B. T. A. 1035; *Utah Orpheum Co.*, 6 B. T. A. 343; *Dilks v. Blair*, 23 Fed. (2d) 831. Cf. *W. S. Trefry*, 10 B. T. A. 134.

The next question is whether there has yet been such a notice of deficiency as will give us jurisdiction. The petition in this proceeding was filed within 60 days after the letter dated February 25, 1927, was delivered by hand to the petitioner's representative. In the *Morgan* case and the *Utah Orpheum* case, cited above, we held that the remailing date to a correct address started the period running within which a petition might be filed with the Board.

There is a vital difference, however, between a mailing and a manual delivery. The one is definitely provided for by the statute and is the notice of deficiency which gives us jurisdiction. The other is not provided for by the statute and it may well be that Congress intended, in providing for notice in a certain manner, i. e., by registered mail, to exclude all other forms as the condition precedent to our jurisdiction. This view has much weight because of the many difficulties of proof which would attend a determination of whether we had jurisdiction or not once it should be held that the method prescribed by statute is not the exclusive method. We, therefore, hold that we do not have jurisdiction of this proceeding since no proper notice of deficiency has been mailed to the petitioner by registered mail. The respondent's motion to dismiss is granted.

Reviewed by the Board.

LITTLETON, TRUSSELL, PHILLIPS, and MILLIKEN dissent.