Clifford O. BOREN, Appellant,

v.

R. A. RIDDELL, District Director of Internal Revenue, Appellee.

No. 15203.

United States Court of Appeals Ninth Circuit.

Feb. 19, 1957.

John A. Brant and Torrance & Wansley, San Diego, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Helen A. Buckley, Washington, D. C., Edward R. McHale, Robert H. Wyshak and Bruce I. Hochman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Appellant sought an injunction in the District Court restraining and enjoining appellee from making any seizure, collection or distraint of any property belonging to appellant under the authority of an assessment for income taxes, interest and penalties made by the Commissioner of Internal Revenue against appellant, for the calendar year 1951.[1] This income tax return appellant had duly filed.

Appellee moved to dismiss, filing a supporting affidavit. The District Court treated the motion as one for summary

1. 28 U.S.C.A. § 1340.

judgment,[2] heard the matter, and ordered dismissal. This is an appeal from that order of dismissal.[3]

A taxpayer's right to enjoin the collection of taxes is limited by statute under the Internal Revenue Code of 1954, effective August 17, 1954.

In that Code, § 7421 provides:

"(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213 (a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."[4]

§ 6212(a) provides that after the Secretary or his delegate determines there is a deficiency, he "is authorized to send notice of such deficiency to the taxpayer by registered mail."[5]

§ 6213 provides that within ninety days after the notice authorized in § 6212 is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the proposed deficiency.[6]

In such an event, § 6212(c) (1) provides that the Secretary or his delegate shall have no right to determine any additional deficiency of the taxpayer for the same taxable year.

Under the Internal Revenue Code of 1939, similar restrictions on the taxpayer's right of injunction existed.

Section 272, as amended, provided:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail * * *."[7]

This Section then gives the taxpayer the right, within ninety days, to petition for a redetermination of the deficiency, and no assessment, distraint or proceeding in court for collection shall be made, begun, or prosecuted "until such notice has been mailed to the taxpayer, nor until the expiration of such ninety day period," nor if such a petition is filed, "until the decision of the Board has become final," and if attempted, "[it] may be enjoined."

The facts are undisputed. On March 11, 1955, the Commissioner sent a notice of deficiency by registered mail to the taxpayer at the wrong address. This notice is conceded by both parties to be ineffective for any purpose.

On April 14, 1955, the Commissioner mailed a notice of deficiency by ordinary mail to the taxpayer at his correct address. It was received by taxpayer the following day.

The appellant filed no petition for redetermination of the deficiency with the Tax Court at any time.

On July 22 1955 (more than ninety days after the notice had been received) when no action was taken by the taxpayer, appellee gave written notice and demand for payment, and issued a warrant of distraint.

The sole question presented is whether the notice of deficiency so received by the taxpayer is a valid statutory notice. If so, appellant has no defense to the threatened levy and distraint. If not, appellee has no authority to levy and distrain, and should be enjoined from doing so until after notice has been given by registered mail, the expiration of the ninety day period, and the failure of taxpayer to petition.

The earlier cases, particularly those heard by the Tax Court, applied the statutory construction rule, *expressio unius est exclusio alterius*, and held that "notice by registered letter" meant notice in that way, and in no other way; that notice by ordinary mail, or manual delivery, was insufficient.

"Any other method of notice does not comply with the statute and is

---

2. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

3. 28 U.S.C.A. § 1291.

4. 26 U.S.C.A. § 7421.

5. 26 U.S.C.A. § 6212.

6. 26 U.S.C.A. § 6213.

7. 26 U.S.C.A. (I.R.C.1939), § 272.

invalid. The method directed by the statute is mandatory."

Day v. Commissioner, 12 B.T.A. 161; Hamilton v. Commissioner, 13 T.Ct. 747, 749; Wilson v. Commissioner, 16 B.T.A. 1280, 1290; Heinemann Chemical Co. v. Heiner, 3 Cir., 1937, 92 F.2d 344; citing Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379, where there appears this language, interpreting the 1924 Act: [8]

"When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." 278 U.S. 282, 49 S.Ct. 129, 132.

But, argues the Government, the statute now has been revised; it does not now so "limit"; it merely "authorizes" one method of giving notice. It points out that the 1924 Act provided that notice *"shall be sent* by registered mail," the 1926 Act, § 274(a), 26 U.S.C.A.Int. Rev.Acts, p. 203 was revised to provide that the Government was *"authorized"* *to so send* the notice; that this word "is a permissive word at most;" that the real objective is actual notice. If notice by registered mail was deemed indispensable, runs the Government's argument, it would have been simple for the Congress to have so provided; i. e., "notice *must* be served by registered mail."

We believe that this Court should attempt to give effect to the manifest intent of Congress, when it changed the requirement *"shall* use registered mail," to the permissive *"may* use registered mail." We presume the purpose of using registered mail is *first,* to provide the safest economical method of insuring that in the greater majority of cases, notice is actually received by the taxpayer from his Government; *second,* to create some commonly accepted factual basis to permit, in good conscience, the initiation of the ninety day period against the taxpayer, without requiring the Government to face the almost impossible task of *proving* actual notice to the taxpayer.

But the heart of the taxpayer's right is to have actual notice, which enables him to petition his Government if he so desires. This he had here, under the notice he admittedly received by ordinary mail.

We believe a broader interpretation of the language is followed in the more recent court cases. See Commissioner of Internal Revenue v. Stewart, 6 Cir., 186 F.2d 239, 241, 24 A.L.R.2d 793:

"The taxpayer contends that since the statute requires the notice of the deficiency assessment to be sent 'to the taxpayer by registered mail,' the action of the Commissioner in sending it to the taxpayer's auditor and attorney, instead of to the taxpayer himself, was not a compliance with the provisions of the statute, and was therefore an invalid notice. The Tax Court ruled that since the statute limited the way in which the notice could be sent it negatived any other mode of action; that the Commissioner was required to send the notice of deficiency to the taxpayer in strict accord with the statutory requirements; and since he did not do so, the petition must be dismissed for lack of jurisdiction.

"We are of the opinion that such a strict literal construction of the statute is not authorized in the present case. It is clear that the purpose of the deficiency notice is to give the taxpayer notice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective. Commissioner [of Internal Revenue] v. New York Trust Co., 2 Cir., 54 F.2d 463, 465; Commissioner [of Internal Revenue] v. Forest Glen Creamery Co., 7 Cir., 98 F.2d 968, 971; Olsen v. Helvering, 2 Cir., 88 F.2d 650, 651. In addition to giving the taxpayer notice of the proposed deficiency assessment, the mailing of

---

8. Internal Revenue Act of 1924, § 274(a), 26 U.S.C.A.Int.Rev.Acts, p. 56.

the deficiency notice limits the period of time thereafter to ninety days in which the taxpayer can have the question reviewed by the Tax Court. If the taxpayer receives notice of the proposed assessment, and during the ninety-day period thereafter files his petition for review with the Tax Court, the purposes of the Act have been accomplished. Although some courts have said that strict compliance with the statutory notice provisions is necessary in order to validate the assessment and to give the Tax Court jurisdiction to review it, we do not think that such a view is the correct one. In Commissioner [of Internal Revenue] v. Forest Glen Creamery Co., supra, the Court said, 98 F.2d at page 971: '* * * there is no indication in the statute of an intention to require the notice to be on the basis of jurisdiction of the Board in a technical sense.' As pointed out by Commissioner [of Internal Revenue] v. New York Trust Co., supra, 54 F.2d at page 465, it is the taxpayer who invokes the jurisdiction of the Board by filing his petition to review. This Court has previously ruled that a failure to strictly comply with the statutory notice provisions does not necessarily deprive the Tax Court of its jurisdiction to act in the matter. Warner Collieries Co. v. United States, 6 Cir., 63 F.2d 34; Commissioner [of Internal Revenue] v. Nichols & Cox Lumber Co., 6 Cir., 65 F.2d 1009. See also Burnet v. San Joaquin Fruit & Investment Co., 9 Cir., 52 F.2d 123, 128. Under Section 272(d) Internal Revenue Code, the required mailing of the deficiency notice can be waived by the taxpayer without invalidating the validity of the assessment. In the following cases it was held that defects or irregularities in giving the required statutory notice were waived by the taxpayer's action in proceeding with a petition for review in the Tax Court, which thereupon acquired jurisdiction to determine the matter: Haag v. Commissioner, 7 Cir., 59 F.2d 516, 518; Commissioner [of Internal Revenue] v. New York Trust Co., supra, 54 F.2d at page 466.

"In the present case, the taxpayer received the full measure of protection guaranteed to him by Section 272(a) of the Code."

We do not go as far as the majority did in Dolezilek v. C. I. R., 1954, 94 U.S. App.D.C., 97, 212 F.2d 458, in here holding that actual notice, plus a ninety-day period thereafter within which the taxpayer may act, satisfies the statute, and that a literal compliance is unnecessary. There the majority opinion held that the mailing of an *undelivered* registered letter starts the ninety-day period running, where the taxpayer had actual notice within the ninety-day period by manual delivery and "adequate time remaining within such period for preparing and filing * * *" his protest. The dissent of Judge Miller points out that he believes the legislative intent was that "the notice must actually reach the taxpayer * * * before limitation begins to run from the date of mailing," and in conclusion he states:

"My opinion is that Congress intended to permit an application to the Tax Court within ninety days after the mailing of a final or ninety-day deficiency letter *which was actually delivered* to the taxpayer by the post office; and, in the absence of notice by registered letter, within ninety days after the taxpayer's actual receipt of notice delivered to him by some other method. Section 272 does not, as the majority say, provide for manual delivery. But such delivery is not forbidden, and *the use of registered mail is not made exclusive.* The essential thing is that the taxpayer have notice, and not that he have it in any particular way." (Emphasis added.)

We agree with this reasoning. Here the essential purpose of the statute was.

accomplished. The rights of the taxpayer were protected. He received actual notice in sufficient time to petition the Tax Court to stay the levy and distraint, had he desired so to do. He chose not to do so, and he cannot now complain of an alleged technical deficiency which deprived him of no rights.

Our conclusion herein as to the sufficiency of the notice is based upon the circumstances of this case and our reasoning is not meant as authority for holding that actual notice is sufficient in all cases where another specific kind of notice is prescribed.

Affirmed.