Floyd R. CLODFELTER and Enna L. Clodfelter, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 73–2371.

United States Court of Appeals, Ninth Circuit.

Dec. 18, 1975.

W. V. Clodfelter (argued), Seattle, Wash., for appellants.

William S. Estabrook, III (argued), U. S. Dept. of Justice, Washington, D. C., for appellee.

## OPINION

Before MERRILL and KENNEDY, Circuit Judges, and BURNS,* District Judge.

MERRILL, Circuit Judge:

Appellant taxpayers appeal from decision of the Tax Court upholding the Commissioner in determining deficiencies in income taxes for the years 1960 through 1964. The question presented is whether assessment of deficiency was barred by the running of the three-year period of limitations. Notice of deficiency was given by the Internal Revenue Service, and the more precise question is whether the giving of that notice is to be recognized as having occurred within the three-year period with the result that the further running of that period was suspended.

Congress has established procedures by which the Secretary may adjust or correct the tax voluntarily revealed by the taxpayer as due. A brief description of the legislative plan may be helpful (eliminating reference to exceptions not relevant here). Citations are to the Internal Revenue Code of 1954 as amended.

Assessment of taxes must be made within three years after the return is filed (§ 6501(a)). If the Secretary determines that there is a deficiency respecting taxes as reported in the return, he must give notice before initiating collection proceedings (§ 6213(a)), and notice may be given to the taxpayer by certified or registered mail (§ 6212(a)). The taxpayer may, within 90 days after the mailing of notice, petition the Tax Court for redetermination of the deficiency (§ 6213(a)). During the running of the 90-day period (and, if petition for redetermination is timely filed with the Tax Court, until the judgment of the court becomes final) no assessment, levy, or court proceeding for collection of the deficiency may be made or brought (§ 6213(a)), and the running of the three-year period of limitations is suspended (§ 6503(a)(1)).[1]

---

* Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

1. § 6212(a) provides:

"If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."

§ 6213(a) in relevant part provides:

"Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [N]o assessment of a deficiency * * * shall be made * * * until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final * * * ."

§ 6503(a)(1) provides in relevant part:

"The running of the period of limitations provided in section 6501 * * * shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment * * * and for 60 days thereafter."

In this case the three-year statute of limitations on assessments for the years in question had been extended through December 31, 1968, by waivers given by the taxpayers. On that date notice of deficiency was mailed to the taxpayers, addressed to 3020 Beverly Plaza, Long Beach, California. On January 2, 1969, the notice arrived at the Bryant Post Office Substation in Long Beach and the postman left a notice of receipt of registered mail at taxpayers' Beverly Plaza apartment. On January 9, 1969, taxpayers returned from a vacation and picked up the notice of deficiency along with other mail. Thus, if the notice had been properly sent pursuant to the Code, the running of limitations was suspended on the date of mailing (from which date the 90-day period commenced to run), and the three-year period of limitations had then not yet elapsed.

Taxpayers timely petitioned the Tax Court for redetermination. Their principal contention to that court was that the notice had not been properly sent under § 6212; accordingly that the running of the limitations period had not been suspended and that assessment was barred by limitations.

The defect in sending notice on which taxpayers rely is that notice was not sent to their last known address. The last address shown by their tax returns was an address in Seattle, Washington. The Internal Revenue Service, through communication with taxpayers' attorney having to do with earlier assessments, knew that taxpayers had moved from Seattle to Long Beach. Their attorney gave the Internal Revenue Service the 3020 Beverly Plaza address. This, however, was the wrong number. The correct new address was 2050 Beverly Plaza. The error in mailing did not confuse the Post Office, however. Beverly Plaza is a two-block street lined with apartment houses whose numbers run from 2000 to 2080. The error was apparent and was readily corrected and no delay in delivery resulted.

Taxpayers insist that the mailing specified by § 6212 must be to the "last known address" of the taxpayer or it is wholly insufficient. We cannot agree.[2]

■ Reading the interrelated sections of the Code as an integrated whole, it is apparent that the legislative plan contemplates that actual notice of the deficiency should be given where such can reasonably be achieved and that the mailing authorized by § 6212(a) is a means to that end. "Last known address" is not even mentioned in that subsection.[3] A mailing that effectively results in actual notice is what is apparently contemplated by the legislative plan.

It is in subsection (b) of section 6212 that we find reference to "last known address." The subsection provides in part: "[N]otice of a deficiency * * * if mailed to the taxpayer at his last known address, shall be sufficient for purposes of * * * this chapter * * *."

That subsection deals with instances in which actual notice to the taxpayer in all probability cannot be achieved by mailing (due, e. g., to death or lack of capacity, or separation of the parties to a marriage,[4] or to a failure of the taxpayer to notify the Commissioner of change of address[5]); and it has been construed as applying to all cases in which actual notice was not given or was not proved.

---

2. The Commissioner contends that 3020 Beverly Plaza was the "last known address" of taxpayers under any rational construction of that term. This may well be true. However, in our view confusion can better be resolved by the decisional route we have chosen to take here.

3. As early as *Maxfield v. Commissioner,* 153 F.2d 325, 326 (9th Cir. 1946), this court noted that actual notice might supplant the need to use the last known address:

"Certainly if, with no notice of a change of address from the taxpayer, the deficiency letter were mailed to the actual address of the taxpayer, he could not claim he was not notified because it was not sent to the former address given to the collector years before when the return was filed."

4. § 6212(b)(1) & (2).

5. H.R.Rep. No. 2, 70th Cong., 1st Sess. (1927), 1939–1 Cum.Bull. (part 2) 384, 399; S.Rep. No. 960, 70th Cong., 1st Sess., 1939–1 Cum.Bull. (part 2) 409, 430.

*See, e. g., DeWelles v. United States,* 378 F.2d 37 (9th Cir. 1967); *Cohen v. United States,* 297 F.2d 760, 771–73 (9th Cir. 1962). Further, it should, in our view, apply to all cases in which, although notice by mail was proved ultimately to have been received, delivery was delayed to the prejudice of the petitioner in seeking redetermination. The purpose of the actual notice contemplated by the legislative plan is to allow for application for redetermination.

But to say, as subsection (b) does, that notice mailed to the last known address "shall be sufficient" is far from saying that it is the only way in which notice can be given.[6] A similar proposition was rejected by this court in *Boren v. Riddell,* 241 F.2d 670 (9th Cir. 1957). There actual notice was given by mailing by ordinary mail, although § 6212(a) "authorized" mailing by registered mail. This court there emphasized that the important thing is that the taxpayer have actual notice and not that he have it in any particular way. It was held that the mailing was sufficient.

Both *DeWelles v. United States, supra,* and *Cohen v. United States, supra,* where the importance of the fact that mailing be to the last known address was emphasized, were cases in which *receipt* of notice by mail was not proved. In both cases it was held that while mailing to be effective in such cases must be to the last known address, the questioned mailing qualified as such.

■ Thus, it would appear that in those cases where actual notice did not result or was not proved to have resulted from a mailing, or where delivery of mail was delayed to the prejudice of the petitioner in seeking redetermination, mailing to suffice under § 6212(b) must be to the last known address. We conclude, however, that if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of § 6212(a) no matter to what address the notice successfully was sent.[7]

■ Finally taxpayers contend that at the least mailing other than to the last known address should not suspend the running of the limitations period as of the date of mailing but only as of the date actual notice was received.

We cannot agree. It is a § 6212(a) mailing that serves to toll the limitations period under § 6503(a)(1). Accordingly if mailing meets the conditions of § 6212(a), it serves to suspend the running of limitations as of the date of mailing. Accordingly the mailing to 3020 Beverly Plaza suspended the running of the period of limitations and the making of assessment was not barred.

Affirmed.

**6.** To this effect see: *Berger v. Commissioner,* 404 F.2d 668, 672–75 (3d Cir. 1968); *Delman v. Commissioner,* 384 F.2d 929, 932–34 (3d Cir. 1967).

**7.** Of course, methods other than mailing—*e. g.,* personal service—may also be used to achieve notice. *Tenzer v. Commissioner,* 285 F.2d 956 (9th Cir. 1960).