DAVID EKBLAD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ekblad v. Commissioner
Docket No. 40730-84.
United States Tax Court
T.C. Memo 1986-123; 1986 Tax Ct. Memo LEXIS 484; 51 T.C.M. (CCH) 722; T.C.M. (RIA) 86123; March 26, 1986. David Ekblad, pro se. Barbara A. Olson, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax for his 1982 taxable year as follows: Additions to Tax
Deficiency
§ 6651(a)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
$1,375
$344
$69
50% of the
$134
interest due
on $1,375
*485 The deficiency was based upon petitioner's failure to file an income tax return for 1982 and report income in the amount of $10,657. Respondent has also made a motion for damages under section 6673. [1]
The issues for decision are: (1) Whether this Court has jurisdiction to hear the case; (2) whether petitioner received wage income which he failed to report; (3) whether the additions to tax are proper; and (4) whether damages should be imposed under section 6673 and, if so, to what extent. [2]
David Ekblad (petitioner) failed to file an income tax return for 1982. During that year petitioner was employed by the State of Minnesota. On September 14, 1984, respondent mailed a notice of deficiency to petitioner *486 at his Route 3, Box 100, Blooming Prairie, Minnesota 55917, address (Route 3 address). At the time of filing of his petition, petitioner listed his residence as 1117 First Street, N.E., Faribault, Minnesota 55021 (First Street address). Petitioner actually received the notice of deficiency and timely filed a petition with this Court. On September 13, 1984, the District Office that mailed the notice to petitioner's Route 3 address received, by certified mail, correspondence which listed petitioner's address as the First Street address. Prior to the date of the mailing of the notice of deficiency, additional correspondence had been sent to and received by petitioner at the First Street address. Petitioner seeks to have the determined deficiency dismissed on the ground that the notice is invalid because respondent did not mail it to his last known address, as prescribed by section 6212(b). Respondent contends that the notice of deficiency was mailed to petitioner's last known address, and that, in any event, petitioner's actual receipt of the notice coupled with his timely filing of the petition overcomes the jurisdictional hurdle. We agree with respondent's latter contention. *487 [3]
The jurisdiction of this Court is wholly statutory. Section 6212(b)(1) provides that a notice shall be sufficient if it is mailed to the taxpayer at his "last known address." This Court and others have examined the role of section 6212(b)(1) within the statutory scheme in determining the congressional meaning of the phrase. See, e.g., Clodfelter v. Commissioner,527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976), affg. 57 T.C. 102 (1971); Boren v. Riddell,241 F.2d 670 (9th Cir. 1957); Mulvania v. Commissioner,81 T.C. 65 (1983); Frieling v. Commissioner,81 T.C. 42 (1983). Section 6212 is intended to provide the taxpayer with actual notice of the deficiency in a timely manner and afford him the opportunity to petition this Court for a redetermination of the deficiency. Clodfelter v. Commissioner,527 F.2d at 756; Boren v. Riddell,supra at 672; Mulvania v. Commissioner,81 T.C. at 68; Lifter v. Commissioner,59 T.C. 818 (1973). *488 Petitioner was timely notified of the determined deficiency and has perfected an opportunity to litigate the deficiency before any payment of the same. Therefore, we hold that this Court has jurisdiction. [4]
Petitioner filed several other motions at trial questioning this Court's jurisdiction and made arguments on brief, in pretrial papers, and at trial pertaining to the taxability of remuneration received by him from the State of Minnesota. Included among these were claims that petitioner "did not earn any wages," that petitioner's wages were an "equal exchange for labor," that petitioner performed no act such as to make him a "taxpayer" or a "person [as] defined in the Internal Revenue Code," that the Administrative Procedure Act applied, etc. We have heard these tax protester arguments in a number of cases, and find them devoid of merit. We need say no more. SeeAbrams v. Commissioner,82 T.C. 403 (1984); Rowlee v. Commissioner,80 T.C. 1111 (1983); Nappi v. Commissioner,58 T.C. 282 (1972); Dimmers v. Commissioner,T.C. Memo. 1986-35; *489 Fedele v. Commissioner,T.C. Memo. 1985-569. Petitioner refused to testify at trial as to the amount of remuneration received and presented no other evidence to establish error in the Commissioner's determination. [5] Accordingly, we find that respondent's determination is correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142.
We further hold that the additions to tax were properly imposed. Petitioner presented no evidence of the absence either of negligence or disregard of the rules. Petitioner failed to file a return in 1982, *490 and has failed to carry his burden of proof in any other respect as to the additions to tax. Finally, we find that damages under section 6673 should be imposed in the amount of $1,000.[6] At trial, petitioner merely reiterated tax protester arguments that this Court has summarily rejected and has consistently found to be frivolous. [7] Additionally, petitioner presented no evidence and refused to testify as to the amount of remuneration he received. See Lukovsky v. Commissioner,734 F.2d 1320 (8th Cir. 1984). Petitioner has abused the processes of this Court. We note that petitioner has tried a similar line of argument in the United States District Court, with a similar result. [8]
*491 Accordingly, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, respondent conceded that petitioner is entitled to an additional exemption for a child born in 1982. Petitioner is not entitled to an additional exemption for his wife, since petitioner's wife earned income during the year at issue. See sec. 151(b).↩
3. We, therefore, need not decide the question whether the Route 3 address is petitioner's "last known address."↩
4. We orally denied petitioner's motion to dismiss for lack of jurisdiction on Sept. 9, 1985.↩
5. Petitioner claimed his Fifth Amendment privilege, even after respondent's counsel represented that no criminal proceedings were pending or, as far as she knew, were contemplated against petitioner. Under the instant circumstances, a Fifth Amendment privilege claim is completely unjustified and does not relieve petitioner of his burden of proof. See McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd., 696 F.2d 1234 (9th Cir. 1983); cf. Wilkinson v. Commissioner,71 T.C. 633, 640-643 (1979); Hatfield v. Commissioner,68 T.C. 895, 898↩ (1977).
6. Petitioner contended that damages should not be imposed under sec. 6673 because petitioner did not argue "the taxability of wages--wages v. income" at trial, and that respondent "if" that argument were made at trial. We find that respondent did not limit his ability to move for damages by this representation, and note, in any event, that we may impose damages sua sponte. Furthermore, at trial petitioner stated that "I did not earn any wages * * *." We do not find this argument to be distinguishable from the argument that wages are not income. ↩
7. Respondent notified petitioner several times before trial that petitioner's contention that remuneration received by petitioner was not taxable was a frivolous argument and had been rejected consistently by this Court. Petitioner was also aware that damages may be awarded against him if he chose to pursue this line of argument at trial. ↩
8. See Ekblad v. Smith, Memorandum Opinion and Order, Civil No. 4-84-97 (D. Minn. May 29, 1985) (dismissing Ekblad's complaint with prejudice, and granting defendants' motion for summary judgment and motion to dismiss, and the subsequent Clerk's Notice under Rule 77(d), Fed. R. Civ. P.↩, awarding defendants $300 for attorney fees, where Ekblad alleged that defendants conspired to withhold state and Federal tax from his wages against his will, depriving him of property without due process of law).