TOMMY A. REID, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reid v. Commissioner
Docket No. 24492-87.
United States Tax Court
T.C. Memo 1989-108; 1989 Tax Ct. Memo LEXIS 108; 56 T.C.M. (CCH) 1475; T.C.M. (RIA) 89108; March 20, 1989. Jack H. Kaufman, for the petitioner. Joan E. Steele, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: The cross motions *109 to dismiss for lack of jurisdiction, which were filed by the parties herein, were assigned to Special Trial Judge D. Irvin Couvillion for hearing, consideration, and ruling thereon, pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [1] and Rule 180 et seq. After a review of the record, the Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on cross motions to dismiss for lack of jurisdiction. Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
1979
$ 1,351.00
--
--
--
1980
$ 9,806.00
--
--
--
1981
$ 2,353.00
--
--
--
1982
$ 1,437.00
$ 71.85
*
$ 431.10
*110 In addition, respondent determined additional interest under section 6621(c) on the deficiencies for all years on the ground that the deficiencies were attributable to a valuation overstatement within the meaning of section 6659(a). The above determinations were set out in duplicate originals of a notice of deficiency addressed to petitioner, by certified mail, dated April 15, 1986. Each of the notices was addressed as follows: Mr. Tommy A. Reid 133 Calle Tamega San Diego, California 92128 [hereinafter referred to as the "Calle Tamega" or the "California" notice]; and Mr. Tommy A. Reid 30 West 281 Pinehurst Naperville, Illinois 60540 [hereinafter referred to as the "Illinois" notice]. At the time the notices were mailed, as well as at the time the petition was filed, petitioner's legal residence was San Diego, California. In fact, his correct mailing address now and as of April 15, 1986, was: 12502-133 Calle Tamega San Diego, California 92128 The duplicate notices were returned to respondent by the United States Postal Service, undelivered, and both envelopes *111 were checked "Unclaimed" as the reason for nondelivery. Each envelope had affixed thereto a Postal Service Form indicating that notice of certified mail had been left at the address of the addressee with the dates such notices had been left. The Illinois notice also contained a forwarding notice inscribed on the envelope: Forward to: 12502-133 Calle Tamega San Diego, California 92128 The parties are in agreement that this inscription was by the United States Postal Service and was a correct forwarding address to petitioner. The petition was filed July 20, 1987 -- 461 days after the mailing of the duplicate notices of deficiency. Respondent filed a motion to dismiss for lack of jurisdiction for the reason that the petition was not filed within 90 days as prescribed by section 6213(a). Petitioner filed a motion to dismiss contending the duplicate notices were invalid, since they were not mailed to his "last known address" within the meaning of section 6212(b)(1). As noted above, petitioner's correct mailing address was 12502-133 Calle Tamega, San Diego, California 92128, and the notice of deficiency intended for this address omitted a portion of the street number, *112 12502. Several years earlier, petitioner had resided at 30 West 281 Pinehurst, Naperville, Illinois 60540, and filed his 1980, 1981, and 1982 Federal income tax returns using such address. After a hearing on the motions, respondent, in a memorandum of authorities, conceded petitioner had provided timely notice to respondent of his move from Illinois to California prior to mailing the duplicate notices of deficiency, and that respondent had notice that petitioner's correct mailing address was 12502-133 Calle Tamega, San Diego, California 92128. Thus, the Court is presented with a factual situation where the notice of deficiency intended for petitioner's "last known address" was incorrect in that a portion of the street number was omitted in the address containing the notice; where a duplicate notice was mailed to a former address, which respondent concedes was not the taxpayer's "last known address" but which notice was forwarded to petitioner's correct address; and both notices were returned to respondent undelivered. It is well settled that a notice of deficiency mailed to the taxpayer's "last known address" is valid for all purposes from the date of its mailing, *113 whether or not the taxpayer actually receives it. Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); Lifter v. Commissioner,59 T.C. 818, 820-821 (1973). In Looper v. Commissioner,73 T.C. 690, 697 (1980), we stated that "it is now well settled that a notice of deficiency is valid even though there are errors in the mailing address when the 'taxpayer receives notice within ample time to file a timely petition.'" We further stated "The question of whether a taxpayer has been prejudiced by an improperly addressed notice is factual in nature. True, a taxpayer's failure to file a timely petition bears heavily on our analysis, but it is only one of a number of factors." Looper v. Commissioner, supra at 698, 699. In Mulvania v. Commissioner,81 T.C. 65, 68 (1983), this Court stated: It has been held repeatedly that an error in the address to which the notice of deficiency is mailed does not render the notice invalid so as to defeat Tax Court jurisdiction when the petition is timely filed. Clodfelter v. Commissioner, supra; *114 Goodman v. Commissioner,71 T.C. 974 (1979); Zaun v. Commissioner,62 T.C. 278 (1974); Lifter v. Commissioner, supra; Brzezinski v. Commissioner, supra. However, the petitioner contends that when the petition is not timely filed, the error in an address is prejudicial as a matter of law and that the notice of deficiency is invalid. Such argument was rejected by this Court in Looper v. Commissioner,73 T.C. 690, 698-699 (1980), where we stated that whether a taxpayer has been prejudiced by an improperly addressed notice is a question of fact. The petitioner's failure to file a timely petition is a relevant factor in the inquiry, but alone is not decisive. This Court noted further in Mulvania v. Commissioner, supra, that a notice of deficiency is not invalid merely because it is not sent to the taxpayer's "last known address;" that section 6212(b)(1) does not create a mandatory address to which a notice of deficiency is required to be mailed, but is rather a "safe harbor" address which respondent might use and is effective even though the taxpayer does not actually receive the *115 notice: Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme. Clodfelter v. Commissioner,527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Boren v. Riddell,241 F.2d 670, 672 (9th Cir. 1957); Olsen v. Helvering,88 F.2d 650, 651 (2d Cir. 1937), affg. a Memorandum Opinion of this Court; Brzezinski v. Commissioner,23 T.C. 192, 195 (1954). There is no indication that by providing the safe harbor, Congress intended to invalidate the Commissioner's use of alternative methods of communication which in fact result in actual notice to the taxpayer. Clodfelter, supra; Brzezinski v. Commissioner, supra. [Mulvania v. Commissioner, supra at 68.] Respondent, as noted earlier, conceded that petitioner had given timely notice of his last known address. The duplicate notices were clearly not mailed to petitioner's "last known address." It follows, therefore, that petitioner did not receive constructive notice of the deficiency determination under section 6212(b)(1). In accordance with *116 Looper v. Commissioner, supra, and Mulvania v. Commissioner, supra, this Court must determine from the facts and circumstances whether petitioner was prejudiced by virtue of the notices which were improperly addressed in view of the fact that, in some unknown form or fashion and at some unknown date, petitioner received actual notice of the deficiency determination upon which he filed an untimely petition with this Court. Where a notice of deficiency is not mailed to the taxpayer's "last known address" but is actually received by the taxpayer within the 90-day period for filing a petition with this Court under section 6213(a), and the taxpayer is not prejudiced from timely filing a petition as a result of the improperly addressed motion, the notice of deficiency is considered valid. McKay v. Commissioner,89 T.C. 1063 (1987); Frieling v. Commissioner,81 T.C. 42 (1983). It is evident that petitioner never received the duplicate notices mailed by respondent, since both were returned by the United States Postal Service undelivered. It was not established when or how petitioner received actual notice. On this record, *117 the Court finds that petitioner did not receive actual notice of the deficiency determination within the 90-day period for filing a petition with this Court. Under the facts and circumstances, the Court concludes that petitioner was unduly prejudiced by the improper mailing of the notices of deficiency and, accordingly, the notice of deficiency is invalid. Respondent's motion to dismiss for lack of jurisdiction is denied, and petitioner's motion to dismiss is granted. An appropriate Order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the deficiency of $ 1,437.00.↩