PAT MAGUIRE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maguire v. Commissioner
Docket No. 6597-89
United States Tax Court
T.C. Memo 1990-83; 1990 Tax Ct. Memo LEXIS 83; 58 T.C.M. (CCH) 1464; T.C.M. (RIA) 90083; February 26, 1990
Pat Maguire, pro se. Patricia Beary, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed June 26, 1989. *84 See section 7443A(b) of the Internal Revenue Code. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner was a resident of Tempe, Arizona at the time the petition herein was filed. The three statutory notices of deficiency herein for the taxable years 1982, 1984 and 1985 were mailed to petitioner at 8214 E. Coolidge St., Scottsdale, Arizona 85251 on August 23, 1988, as indicated by the United States Postmark stamp on page 14 of the certified mailing list on file in the office of the Department of the Treasury, Internal Revenue Service, Audit Division, 1160 West 1200 South, Ogden, Utah 84201. The 90-day period for timely filing the petition in this case expired on Monday, November 21, 1988, which date was not a legal holiday in the District of Columbia. Section 6213(a). The petition in this case was filed with the Tax Court on April 4, 1989, which date is 224 days after the mailing of the notices of deficiency. Under section 7502(a), if the envelope containing the petition bears a United States Postal Service postmark *85 date that falls within the 90-day period and if the other requirements of section 7502 are satisfied, the petition will be deemed timely filed. Stotter v. Commissioner, 69 T.C. 896, 897 (1978). Here, the envelope in which the petition was received by the Tax Court bears a United States Postal Service postmark date of March 29, 1989, which date is 218 days after the mailing of the notices of deficiency. On these facts, the petition herein was not timely filed under the provisions of either section 6213(a) or section 7502. We have considered petitioner's contention that the notices of deficiency were sent to the wrong address. Petitioner contends that he notified respondent of the current address, 900 South Hacienda, Apt. D, Tempe, Arizona 85281, in a certified letter dated July 12, 1988. Sections 6212(a) and (b)(1) authorize the Secretary, upon the determination of a deficiency in income tax, to send a notice of deficiency by certified or registered mail to the taxpayer's last known address. The purpose of the cited Code sections is to insure that the taxpayer receives a timely actual notice so he can challenge the determination of deficiency made by respondent *86 within the 90-day period provided in section 6213. See Clodfelter v. Commissioner, 57 T.C. 102, 106 (1971), affd. 527 F.2d 754 (9th Cir. 1975). If mailing results in actual notice to the taxpayer without prejudicial delay, it meets the conditions of section 6212(a) no matter to what address the notice was sent. Clodfelter v. Commissioner, 527 F.2d at 757; Frieling v. Commissioner, 81 T.C. 42, 52-53 (1983); Mulvania v. Commissioner, 81 T.C. 65, 67-69 (1983). Here, the record shows that petitioner timely received actual notice of the statutory notice of deficiency sent by respondent to the Scottsdale address. A letter dated November 17, 1988 from petitioner to respondent claiming that "there is no Deficiency because our tax System is based upon VOLUNTARY Assessment and payment, not upon distraint" was obviously in response to the notices of deficiency dated August 23, 1988, sent by respondent to the Scottsdale, Arizona address. In short, petitioner received actual notice of the statutory notices of deficiency in ample time to seek a redetermination with this Court had he chosen to do so. We conclude *87 on this record that the notices of deficiencies herein are valid. We also conclude on these facts that the petition herein was not timely filed within the meaning of section 6213(a) or section 7502. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.