KELLY GEORGE AND GARY GEORGE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
George v. Commissioner
Docket No. 31180-88
United States Tax Court
T.C. Memo 1990-147; 1990 Tax Ct. Memo LEXIS 171; 59 T.C.M. (CCH) 162; T.C.M. (RIA) 90147; March 20, 1990
Kelly George, pro se. Donna Mayfield Palmer, for the respondent. GUSSIS
*308 MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed December 22, 1988. See section 7443A(b) of the Internal Revenue Code. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The stipulated facts are so found. Petitioners were residents of Houston, Texas at the time the petition herein was filed. A joint statutory notice of deficiency for the year 1985 was mailed to petitioners at 11606 Corkwood Dr., Houston, Texas by certified mail on August 22, 1988 as shown by the postmark date stamped on the executed certified mailing list Form 3624. The 90-day period for timely *309 filing the petition in this *173 case expired on November 20, 1988, which date was a Sunday. Therefore, the period for timely filing the petition expired on the next succeeding day, November 21, 1988, which date was not a legal holiday in the District of Columbia. See section 6213(a). The petition in this case was filed with the Tax Court on November 28, 1988, which date is 98 days after the mailing of the notice of deficiency. Under section 7502(a), if the envelope containing the petition bears a United States Postal Service postmark date that falls within the statutory period for timely filing and if the other requirements of section 7502 are satisfied, then notwithstanding the untimely receipt, the petition will be deemed timely filed. Stotter v. Commissioner, 69 T.C. 896, 897 (1978). Here, the envelope in which the petition was received by the Tax Court bears a United States Postal Service postmark date of November 22, 1988, which date is 92 days after the mailing of the notice of deficiency. On these facts, the petition was not timely filed under the provisions of section either 6213(a) or section 7502. Petitioner Kelly George, in opposing respondent's motion to dismiss, argues that the *174 notice of deficiency was not mailed to her last known address within the meaning of sections 6212(a) and (b)(1). Petitioner and Gary George were separated in January 1988 and they each filed a separate income tax return for the year 1987. Mr. George continued to use the Corkwood Drive address on his separate return. Petitioner Kelly George, however, used 7018 Mahoning, Houston, Texas 77074 as her new address on her separate 1987 return which she asserts was filed on or about April 13, 1988. Respondent did not mail a duplicate notice of deficiency to petitioner Kelly George at the new address. It is well settled that in order to maintain an action in this Court there must be both a valid notice of deficiency and a timely filed petition. Section 6212(a) authorizes the Secretary, upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail. Section 6212(b)(1) provides that the mailing of the notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. Section 6212(b)(2) provides that where either party after filing a joint return notifies the Secretary that a separate residence has been established, *175 then the Secretary, in lieu of a single joint notice, must send a duplicate original of the joint notice by certified or registered mail to each spouse at the last known address. Here, petitioner filed a separate 1987 income tax return on or about April 13, 1988 and showed her address as 7018 Mahoning, Houston, Texas 77063. This constituted clear and concise notification of a new address for petitioner, which would require respondent to send a duplicate original of the joint notice to petitioner at the new address. See Abeles v. Commissioner, 91 T.C. 1019 (1988). The purpose of section 6212 is to insure that the taxpayer receives timely actual notice so that he can challenge the determination of deficiency made by respondent within the 90-day period provided in section 6213. See Clodfelter v. Commissioner, 57 T.C. 102, 106 (1971), affd. 527 F.2d 754 (9th Cir. 1975). If mailing results in actual notice to the taxpayer without prejudicial delay, it meets the conditions of section 6212(a) no matter to what address the notice was sent. Clodfelter v. Commissioner, 527 F.2d at 757; Frieling v. Commissioner, 81 T.C. 42, 52-53 (1983); *176 Mulvania v. Commissioner, 81 T.C. 65, 67-69 (1983); Miller v. Commissioner, 94 T.C. (March 8, 1990). Here, petitioner had actual notice of the statutory notice of deficiency mailed August 22, 1988 by at least September 30, 1988 when she sent a letter to the Internal Revenue Service enclosing a copy of the August 22, 1988 notice. She also understood the 90-day filing requirement with the Tax Court. At that point, some 52 days remained for timely filing a petition with this Court pursuant to section 6213(a). The fact that petitioner was engaged in an ongoing effort to resolve the matter with the Internal Revenue Service does not obviate the jurisdictional requirements of section 6213(a). In fact, a letter to the 7018 Mahoning address from the Internal Revenue Service dated November 9, 1988 explicitly stated that the ongoing efforts to resolve the matter did not extend the period in which a petition must be filed with the United States Tax Court. We find that petitioner received actual notice of the statutory notice of deficiency in ample time to seek a redetermination with this Court. We therefore conclude on this record that the notice of deficiency herein *177 was valid. We also conclude on these facts that the petition herein was not timely filed within the meaning of section 6213(a) or section 7502. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.