T.C. Memo. 2009-309


UNITED STATES TAX COURT


ESTATE OF PAUL RULE, DECEASED, BETTY RULE, SUCCESSOR
ADMINISTRATOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15717-08.            Filed December 30, 2009.


<u>A. Lavar Taylor</u> and <u>Robert S. Horwitz</u>, for petitioner.

<u>Michael S. Hensley</u>, for respondent.


MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on the
parties' motions to dismiss for lack of jurisdiction.  The estate
moves to dismiss on the ground that respondent issued an invalid
deficiency notice to the estate.  Respondent moves to dismiss on
the ground that the petition was not timely filed.  The issue we
are asked to decide turns on whether respondent mailed the

deficiency notice to the estate's last known address if respondent mailed the notice to the address shown on the estate tax return despite having notice that there was a new address for the estate executor.[1]  We find that respondent did not mail the deficiency notice to the estate's last known address and, accordingly, we grant the estate's motion to dismiss for lack of jurisdiction.

## Background

### The S. Coast Address

Paul Rule (decedent) died intestate on December 6, 1993. The San Diego County Superior Court issued letters of administration to James Keenan (Mr. Keenan), the administrator of the Estate of Paul Rule (the estate), on March 14, 1994.  Mr. Keenan filed an estate tax return (estate's return) on behalf of the estate on December 17, 1996.  The return lists Mr. Keenan as the executor of the estate and lists his office address as 1231 S. Coast Highway, Ste. G, Oceanside, California 92054 (S. Coast address).  Respondent mailed a letter pertaining to the estate's return to Mr. Keenan at the S. Coast address shortly after the return was filed.

Respondent began an audit of the estate's return on or about March 20, 1997, and sought information from Mr. Keenan.  Mr.

---

[1]Petitioner concedes that, if the deficiency notice was valid, then the petition was not timely filed.

Keenan informed respondent's estate tax examiner (examiner) in May 1997 that he could not access documents relating to the estate because the S. Coast office was under the temporary control of a bankruptcy receiver. Mr. Keenan told the examiner in November 1997 that he had not had access to the office for the past six months. Mr. Keenan provided the examiner with a post office box to which the examiner then began sending correspondence related to the estate's audit.

The Crown Point Address

A revenue agent assigned to perform a limited audit of Mr. Keenan regarding his amended individual income tax return for 1995 informed the estate's examiner on or about May 20, 1999, that respondent's computer records indicated a new residential address for Mr. Keenan. The revenue agent provided the examiner with the address 3999 Crown Point Drive, Villa 29, San Diego, California 92109-6112 (Crown Point address) that was listed in respondent's computer records. The examiner mailed a letter regarding the estate's audit to Mr. Keenan at the Crown Point address on May 20, 1999.

The examiner also issued a summons to Mr. Keenan at the Crown Point address on May 20, 1999, to obtain more information about the estate. The examiner noted in the case history that the summons was "served * * * at TP's new address." A copy of the summons was left at the Crown Point address on May 27, 1999.

Mr. Keenan called the examiner shortly thereafter to confirm his receipt of the summons and to ask why it had been sent. Mr. Keenan and the examiner had several phone conversations between late May and September of 1999.

The Deficiency Notice

Respondent issued a deficiency notice to the estate on December 8, 1999. Respondent determined a $433,793 deficiency in Federal estate tax, as well as a $108,448 addition to tax for late filing and an $86,759 accuracy-related penalty. Respondent issued only one deficiency notice, and it was addressed to "Estate of Paul Rule/Paul W. Keenan, Executor" at the S. Coast address. The deficiency notice was returned to respondent by the U.S. Postal Service marked "Attempted Not Known." Respondent did not attempt to issue another deficiency notice after the original deficiency notice was returned because respondent's deadline for issuing a deficiency notice to the estate was December 20, 1999.[2] Mr. Keenan was removed as the executor of the estate after the deficiency notice was issued.

The 90-day period for filing a petition in response to the deficiency notice expired on March 7, 2000. Thereafter respondent assessed the deficiency, addition to tax, and penalty

---

[2]Respondent calculated the deadline to be Dec. 20, 1999, but noted in the case history that he would apply "a more conservative SOL which is 12-17-99."

against the estate. The estate did not file a petition with this Court until June 26, 2008.

## Discussion

Both parties move to dismiss for lack of jurisdiction. We must determine whether respondent mailed the deficiency notice to the estate's last known address. If we find that the deficiency notice was mailed to the estate's last known address, then we must grant respondent's motion because the petition was untimely. See Stewart v. Commissioner, 55 T.C. 238 (1970). If we find instead that the deficiency notice was not mailed to the estate's last known address, then we must grant the estate's motion because the deficiency notice was invalid. See Shelton v. Commissioner, 63 T.C. 193, 195 (1974). We find that respondent did not mail the deficiency notice to the estate's last known address. Accordingly, we will grant the estate's motion to dismiss for lack of jurisdiction.

We begin with the Court's jurisdiction. This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid deficiency notice and a timely filed petition. See Rule 13(a), (c);[3] Monge v. Commissioner, 93 T.C. 22, 27 (1989). The Commissioner is expressly authorized to issue a deficiency notice by certified or regular mail to the taxpayer after

---

[3]All section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

determining a deficiency. See sec. 6212(a). Even if not received by the taxpayer, the deficiency notice is still valid if the notice is mailed to the taxpayer at the taxpayer's last known address. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Clodfelter v. Commissioner, 527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971). A deficiency notice not mailed to the taxpayer's last known address is nonetheless valid if the taxpayer receives it without prejudicial delay so as to permit the timely filing of a petition. Lifter v. Commissioner, 59 T.C. 818, 822-823 (1973).

The Commissioner must send the deficiency notice to the fiduciary of an estate once the Commissioner has been notified of the existence of a fiduciary relationship. Sec. 6212(b)(3). Mr. Keenan became a fiduciary of the estate when he was issued letters of administration by the San Diego County Superior Court. See sec. 7701(a)(6). Mr. Keenan's filing of the estate's tax return notified respondent of the fiduciary relationship. See Huddleston v. Commissioner, 100 T.C. 17, 31 (1993). Accordingly, respondent properly mailed the deficiency notice to the "Estate of Paul Rule/Paul W. Keenan, Executor." We must determine now whether the deficiency notice was properly mailed to Mr. Keenan's last known address.

An inquiry into a taxpayer's last known address is based on the relevant facts and circumstances. See O'Brien v.

Commissioner, 62 T.C. 543, 550 (1974); Lifter v. Commissioner, supra at 821. The relevant inquiry is what the Commissioner knew at the time the deficiency notice was issued. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); Pyo v. Commissioner, 83 T.C. 626, 633 (1984); Buffano v. Commissioner, T.C. Memo. 2007-32. The taxpayer's last known address is the address shown on the return that was most recently filed at the time that the deficiency notice was issued absent clear and concise notice of a change of address. Abeles v. Commissioner, supra at 1035; King v. Commissioner, supra at 681. If the Commissioner knows of one address for the taxpayer and is then notified of another address for the same taxpayer, such other address supersedes the previous address and becomes that taxpayer's "last known address." Abeles v. Commissioner, supra at 1030. The Commissioner must use reasonable care and diligence in ascertaining and mailing the deficiency notice to the correct address once he has been given notice of the change. Frieling v. Commissioner, 81 T.C. 42, 49 (1983).

The estate argues that respondent knew at the time the deficiency notice was issued that the estate's address had changed, and that respondent therefore failed to use reasonable care and diligence in mailing the deficiency notice to the estate's last known address. We agree. Information that the Commissioner knows or should know through use of his computer

system is attributable to the Commissioner's agents. <u>Abeles v. Commissioner</u>, <u>supra</u> at 1030; <u>Buffano v. Commissioner</u>, <u>supra</u>. Respondent's revenue agent informed the estate's examiner on May 20, 1999, only six months before the deficiency notice was issued, that respondent's computer records listed the Crown Point address as a new residential address for Mr. Keenan. We find that the examiner knew of the estate's new address at the time he issued the deficiency notice to the estate.

Moreover, respondent failed to use reasonable care and diligence in ascertaining and mailing the deficiency notice to the new address. The examiner mailed correspondence pertaining to the estate's audit to Mr. Keenan at the Crown Point address before issuing the deficiency notice. The examiner spoke with Mr. Keenan several times before issuing the deficiency notice and could have confirmed with him that the estate's address had changed. He did not. The examiner also could have mailed deficiency notices to both the address on the estate's return and the new Crown Point address, but he did not. We hold that the examiner failed to use reasonable care and diligence in ascertaining and mailing the deficiency notice to the estate's last known address.

We find that the S. Coast address provided on the estate's return to which respondent mailed the deficiency notice was not the estate's last known address. Accordingly, we shall grant the

estate's motion to dismiss for lack of jurisdiction and shall deny respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

<u>An appropriate order will be entered denying respondent's motion to dismiss for lack of jurisdiction and granting petitioner's motion to dismiss for lack of jurisdiction</u>.