Basdeo BALKISSOON; Gloria
Balkissoon, Petitioners–
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 92–2078.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1993.

Decided June 11, 1993.

Brett Weiss, Olney, MD, argued, for petitioners-appellants.

David Alan Shuster, Tax Div., U.S. Dept. of Justice, Washington, DC, argued (James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Gilbert S. Rothenberg, Tax Div., U.S. Dept. of Justice, on brief), for respondent-appellee.

Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

## OPINION

ERVIN, Chief Judge:

On May 5, 1986, the Commissioner of Internal Revenue ("Commissioner") mailed by regular post a notice of deficiency to Basdeo and Gloria Balkissoon ("Taxpayers") detailing a $33,268.58 deficiency in Taxpayers' 1981 federal income tax paid. By way of the notice of deficiency, the Commissioner also assessed tax additions due to negligent failure to file pursuant to Internal Revenue Code ("IRC") sections 6651(a)(1), 6653(a)(1), and 6653(a)(2), and interest on the deficiency pursuant to IRC section 6621(d).[1] Taxpay-

---

1. The sections of the IRC authorizing the applicable tax additions provide, in pertinent parts, that

[i]n case of failure ... to file any return required ... on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure

is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such

ers made a timely petition to the United States Tax Court for review of the deficiency and additions on July 21, 1986. In two separate orders[2] the tax court affirmed the Commissioner's imposition of the deficiency and the additions. Taxpayers appeal directly to this court from the tax court pursuant to 26 U.S.C.A. § 7482.[3] Finding no error in the orders of the tax court, we affirm.

## I

Taxpayers filed a joint federal tax return for the 1981 tax year. The form was mailed on August 20, 1982, and was received by the Internal Revenue Service ("IRS") on August 30, 1982. At no time prior to the receipt of the 1981 tax-year filing did the IRS receive a request for an extension beyond the April 15, 1982 deadline from Taxpayers. On their 1981 return, Taxpayers claimed substantial losses suffered by Satin Sewell Mining Program and Satin Sewell # 2 Mining Association, two partnerships in which Taxpayers had invested as limited partners.

The Commissioner determined that these losses were impermissible deductions and, on May 5, 1986, mailed Taxpayers a notice of deficiency by regular post. On July 21, 1986, Taxpayers made a timely petition to the tax court for a redetermination of the deficiency.[4] Taxpayers also entered into a stipulation of settlement with the Commissioner. Under the terms of the stipulations, the parties

agreed to be bound by the outcome of *Zimmerman v. Commissioner*, a factually identical case already before the tax court. The parties also agreed that the applicability of section 6621(c) additions to the tax liability would be determined by the outcome in *Zimmerman*.

The tax court filed its opinion in *Zimmerman* on October 20, 1987. *See Zimmerman v. Commissioner*, No. 4661–85, 1987 WL 48830, 1987 Tax Ct. Memo LEXIS 526 (Oct. 20, 1987). The court held that the taxpayer in that case was not entitled to his claimed partnership losses based on the finding that the partnership was not "organized and operated with the primary objective of realizing an economic profit." *Zimmerman*, 1987 WL 48830, 1987 Tax Ct. Memo LEXIS 526, at * 37–38. The *Zimmerman* court also found that the underpayment of tax was a tax-motivated transaction subject to the penalty provisions of section 6621(c). *Id.*, 1987 WL 48830, 1987 Tax Ct. Memo LEXIS 526, at * 48–50.

About five months after the tax court issued its opinion in *Zimmerman*, it ordered the parties in this case to submit a computation and stipulated decision or alternatively to demonstrate just cause why a decision should not be entered. Taxpayers responded that the taxpayer in *Zimmerman* had failed to put forth a good faith defense, and that they could establish, by expert testimony, that the losses were deductible. The tax

failure continues, not exceeding 25 percent in the aggregate....

26 U.S.C.A. § 6651(a)(1) (West Supp.1989). Additions also are authorized under sections 6653(a)(1) and 6653(a)(2):

If any part of any underpayment ... of tax required to be shown on a return is due to negligence (or disregard of rules or regulations), there shall be added to the tax an amount equal to 5 percent of the underpayment.... There shall not be taken into account under this subsection any portion of an underpayment attributable to fraud with respect to which a penalty is imposed under subsection (b).

*Id.* §§ 6653(a)(1) & (2).

The Commissioner adds interest to a taxpayer's taxes due when the taxpayer makes a substantial underpayment and that underpayment is attributable to tax-motivated transactions. *Id.* § 6621(c).

**2.** The tax court issued two orders, one on November 16, 1990 by Judge John J. Pajak review-

ing the assessment of additions and interest pursuant to the parties' stipulations and one on June 8, 1992 by Judge Jules G. Korner, III affirming the adequacy of the Taxpayers' notice of deficiency and the determination of the deficiency.

**3.** Section 7482 provides that

[t]he United States Court of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury....

26 U.S.C.A. § 7482(a)(1) (West Supp.1989).

**4.** If a taxpayer chooses to challenge a deficiency, she must file a petition with the tax court for a redetermination of the deficiency within 90 days after the notice of deficiency is mailed. 26 U.S.C.A. § 6213(a) (West Supp.1989).

court rejected Taxpayers' contentions, mainly based on a determination that Taxpayers' expert testimony would be irrelevant to the substantiation of deductible losses. Therefore, the tax court concluded that the parties were bound by the stipulations. The tax court did rule, however, that Taxpayers were not subject to section 6653(a)(1) and 6653(a)(2) additions. The tax court then restored the case to the general docket for trial to resolve any remaining issues.

At their December 13, 1991 trial, Taxpayers raised the jurisdictional issue of the inadequacy of their notice of deficiency. Taxpayers pointed to IRC section 6212(a), which "authorize[s the Commissioner] to send notice of ... deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C.A. § 6212(a) (West Supp.1989). Taxpayers testified that they had received the notice of deficiency by ordinary mail sometime in May 1986. The Commissioner was unable to prove certified or registered delivery, leading Taxpayers to contend that the notice was invalid and could not serve as the basis for the assessment of a deficiency and penalties.

The tax court held that the Commissioner was not required to send notices of deficiency by registered or certified mail, and therefore upheld the determination of deficiency. As to the penalties, the tax court held that the section 6621(c) adjustments were controlled by the stipulations and that these adjustments should be made on the basis of the court's prior opinion in *Zimmerman*. The tax court reiterated its prior conclusion that Taxpayers were not subject to section 6653(a)(1) and (2) additions. Finally, the court held that the addition to tax pursuant to section 6651(a)(1) was appropriate.[5] Taxpayers appeal the adequacy of the notice of deficiency, the enforceability of the stipulations, and the assessment of additions pursuant to sections 6621(c) and 6651(a)(1).

## II

This appeal presents three issues: (1) whether a notice of deficiency actually received by Taxpayers without prejudicial delay is valid despite the fact that it was not sent by certified or registered mail; (2) whether the tax court abused its discretion in refusing to relieve Taxpayers from their stipulations binding them to certain issues in a related tax court case; and (3) whether certain additions and interest charges were properly assessed against Taxpayers.

The application of the notice requirements of IRC section 6212(a) is a question of law which we review *de novo*. *See Scar v. Commissioner*, 814 F.2d 1363, 1366 (9th Cir. 1987). Whether a stipulation entered into by parties to a tax case should be set aside is a matter within the sound discretion of the tax court, which we review for an abuse of that discretion. *See Marshall v. Emersons, Ltd.*, 593 F.2d 565, 568 (4th Cir.1979). The additions and interest charges not found to be governed by the stipulations are proper unless their assessment represents an abuse of discretion.

## A.

■ IRC section 6212(a) provides that "[i]f the Secretary determines that there is a deficiency in respect of any tax ..., he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C.A. § 6212(a) (West Supp.1989). The issue in this case centers on whether the section 6212 authorization is mandatory or permissive. Taxpayers suggest that section 6212(a) mandates the use of registered or certified mail. The Commissioner contends that the statute's language provides a safe harbor—a method of notice by which the Commissioner can be guaranteed that the limitations period for filing a petition of redetermination begins to run. If it uses a method of delivery for notices of deficiency other than registered or certified mail, the Commissioner contends, it gains no benefit from the section 6212(a) safe harbor and must prove that the taxpayer actually received the notice before it can benefit from

5. Taxpayers failed to raise objection to the section 6651(a)(1) addition in their Second (and final) Amended Petition. The tax court concluded that the Taxpayers had abandoned their challenge to the section 6651(a)(1) addition.

the expiration of the period for filing a petition of redetermination.

Taxpayers rely on our decision in *United States v. Ball*, 326 F.2d 898 (4th Cir.1964), to support their position. In *Ball* there was some question as to whether the taxpayer, who had been out of the country since filing the tax form from which the deficiency in question derived, had ever received actual notice of the deficiency. Addressing the sufficiency of the notice, we said that

> notice under § 6212(a) must be by registered mail.... The failure to send notice by registered mail in compliance with § 6212(a) is fatal to a jeopardy assessment, during the period that § 6212(a) permitted only notice by registered mail.[6]

*Id.* at 901. In the context of determining the validity of a tax lien against a taxpayer who possibly had not received actual notice of the deficiency, we stressed the need for strict compliance with section 6212(a)'s notice requirements. Although the language used in *Ball* seems to mandate the use of registered mail, the holding is limited to the situation in which the Commissioner does not have evidence of actual notice and must rely on the safe harbor of section 6212(a) to establish compliance with the IRC's notice requirements.

Section 6212(a) does not require that the taxpayer actually receive the notice of deficiency. Instead, the Commissioner must show only that it sent a notice by registered or certified mail to the taxpayer's last known address. *Jones v. United States*, 889 F.2d 1448, 1450 (5th Cir.1989). As the Fifth Circuit described it,

> [t]he statutory scheme ... provides a method of notification which insures that the vast majority of taxpayers will be informed that a tax deficiency has been determined against them without imposing on the Commissioner the virtually impossible task of proving that the notice actually has been received by the taxpayer.

*Id.* If the taxpayer actually does receive notice of deficiency by some method of delivery, the Commissioner's failure to comply with the authorization in section 6212(a) inviting the use of registered or certified mail proves to be a technical, but harmless violation.

The circuits that have addressed this issue directly all have reached this conclusion, holding in essence that "a notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing." *Scheidt v. Commissioner*, 967 F.2d 1448, 1450–51 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 811, 121 L.Ed.2d 684 (1992); *see also Mulvania v. Commissioner*, 769 F.2d 1376, 1378 (9th Cir.1985) (holding that "a notice of deficiency actually, physically received by a taxpayer is valid under § 6212(a) if it is received in sufficient time to permit the taxpayer, without prejudice, to file a petition to the Tax Court even though the notice is erroneously addressed"); *Pugsley v. Commissioner*, 749 F.2d 691, 693 (11th Cir.1985) (holding that technical violation of not sending notice to "last known address" was not prejudicial because taxpayer received actual notice of deficiency with ample time remaining to file a petition); *Clodfelter v. Commissioner*, 527 F.2d 754, 756 (9th Cir. 1975) (holding that section 6212(a) deals only with those instances in which actual notice was not given or cannot be proved), *cert. denied*, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976); *Berger v. Commissioner*, 404 F.2d 668, 673 (3d Cir.1968) (holding that section 6212(a) authorization that notice of deficiency be sent by registered or certified mail does not forbid any other method of notice), *cert. denied*, 395 U.S. 905, 89 S.Ct. 1744, 23 L.Ed.2d 218 (1969); *Boren v. Riddell*, 241 F.2d 670, 672–74 (9th Cir.1957) (holding that essential purpose of statute was accomplished when taxpayer got actual notice in sufficient time to petition tax court despite technical violation of not using registered mail); *cf. Powell v. Commissioner*, 958 F.2d 53, 56 (4th Cir.) (invoking section

---

6. Under the version of section 6212(a) applicable at the time *Ball* was decided, the Commissioner was authorized to use only registered mail. Congress later amended the statute to include certified mail as well. Pub.L. No. 85–866, § 89(b), 72 Stat. 1661, 1665 (1958) (codified as amended at 26 U.S.C.A. § 6212(a) (West Supp.1989)).

6212(a) safe harbor in situation in which the notice was admittedly not delivered to taxpayers), *cert. denied,* —— U.S. ——, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992).

In this case Taxpayers readily admit that they received the notice of deficiency and were able to petition the tax court for redetermination. Therefore, any prejudice to them associated with the failure of the Commissioner to send the notice by registered or certified mail is inconsequential. Following the lead of the other circuits that have addressed the issue, we identify section 6212(a) as a safe harbor to be relied upon only in those situations in which the taxpayer did not receive actual notice. Such is not the case for Taxpayers; therefore, their notice of deficiency was valid upon timely receipt.

## B.

■ Next, Taxpayers challenge the enforceability of the stipulations in which they entered with the Commissioner to control the outcome of their case. Tax Court Rule 91(e) states:

A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires.

Tax Ct.R. 91(e). The tax court's decision whether to relieve a party from a previous stipulation should "not ordinarily be interfered with, except where a manifest abuse of discretion is disclosed." *Brast v. Winding Gulf Colliery Co.,* 94 F.2d 179, 181 (4th Cir. 1938).

In this case Taxpayers demonstrate disapproval of the way Zimmerman defended his case and now seek to be released from the outcome of the *Zimmerman* case. Taxpayers argue that the parties were mutually mistaken about Zimmerman's willingness to defend his case and therefore should be re-

lieved of their duty to comply with the stipulations.[7] Taxpayers' contentions are meritless. They are unhappy with the fact that Zimmerman lost and that they are bound by that outcome. They cannot make out any conceivable theory to support mutual mistake, as the Commissioner did not believe at any time that Zimmerman or the other partners had a defense to the nonpayment of taxes based on spurious partnership loss deductions. Therefore, we conclude that the tax court did not abuse its discretion by binding Taxpayers under the stipulations.

## C.

■ Finally, Taxpayers seek to avoid the imposition of additions and interest. Once the Commissioner makes an assessment, the assessment is presumed correct and the taxpayer bears the burden of establishing the absence of the necessary elements forming the basis of the assessment. *Business Ventures Internat'l. v. Olive,* 893 F.2d 641, 646 (3d Cir.1990); *Hall v. Commissioner,* 729 F.2d 632, 635 (9th Cir.1984). Therefore, the Commissioner need only establish the basis for the addition, and it did so in its notice of deficiency. Without presenting evidence to the contrary, Taxpayers cannot avoid the conclusion that their failure to pay was in violation of the IRC and subject to penalty. Taxpayers suggest no reason why the imposition of the additions was in error. They merely assert that the tax court did not discuss the additions specifically in its order and that the absence of specific reference precludes their assessment. The absence of specific reference actually appears to mean that the additions were uncontested before the tax court. *See supra* note 5. Taxpayers have demonstrated no substantive reason why they should be allowed to avoid the additions.

## III

Taxpayers have failed to establish the inadequacy of their notice of deficiency, the

---

**7.** Taxpayers contend that, through testimony and an expert report, they can establish the validity of the contested deduction. The tax court carefully reviewed the nature and content of the evidence and determined that it either was repetitive of that presented in the *Zimmerman* case or irrelevant.

unenforceability of the stipulations, or the invalidity of the additions to tax made by the Commissioner. Therefore, the orders of the tax court are

AFFIRMED.