T.C. Memo. 1998-139


UNITED STATES TAX COURT


DAVID RICHARDSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12718-97.                    Filed April 14, 1998.


David Richardson, pro se.

Alan R. Peregoy, for respondent.


MEMORANDUM OPINION

GERBER, Judge:  This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction, filed March 10, 1998.  Petitioner contends that this case should be dismissed because the notice of deficiency was not sent by certified or registered mail pursuant to section 6212(a).[1]

---

[1] All section references are to the Internal Revenue Code in
(continued...)

Respondent contends that the notice was sent by certified mail and that, even if it were not, the notice is valid because petitioner actually received the notice and timely filed a petition.

Background

At the time the petition in this case was filed, petitioner resided in Forestville, Maryland.

The notice of deficiency was mailed on March 21, 1997, to petitioner's Forestville address. It is unclear from the record when petitioner actually received the notice of deficiency, but petitioner admits to receiving the notice sometime in May of 1997. The petition was timely filed on June 17, 1997, within 90 days of respondent's mailing of the notice of deficiency on March 21, 1997.

Discussion

The jurisdiction of this Court to redetermine a tax deficiency depends upon the issuance of a valid notice of deficiency and the timely filing of a petition. Secs. 6212, 6213; Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A petition is timely if it is filed within 90 days after the notice of deficiency was mailed to a person within the United States. Sec. 6213(a). Under conditions set forth in section 7502, for purposes of

_____

[1](...continued)
effect for the years at issue.

computing whether a petition was filed within the 90-day filing period, timely mailing of the petition by the taxpayer is timely filing. When a petition is not filed within the 90-day period, the case must be dismissed for lack of jurisdiction. Pugsley v. Commissioner, 749 F.2d 691, 692 (11th Cir. 1985).

Section 6212(a) authorizes the Commissioner to send a notice of deficiency to the taxpayer by certified or registered mail. Petitioner alleges that the notice of deficiency was not issued by certified or registered mail and apparently argues that it is invalid for that reason. We disagree. It has been held repeatedly that an error in the delivery of the notice of deficiency does not render the notice invalid so as to defeat Tax Court jurisdiction when the petition is timely filed. Balkissoon v. Commissioner, 995 F.2d 525 (4th Cir. 1993), affg. T.C. Memo. 1992-322; see also Clodfelter v. Commissioner, 527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Goodman v. Commissioner, 71 T.C. 974 (1979); Zaun v. Commissioner, 62 T.C. 278 (1974). Providing the taxpayer with actual notice of the deficiency determination in a timely manner is the essence of the statutory scheme. Mulvania v. Commissioner, 81 T.C. 65, 68 (1983). Since petitioner received the notice of deficiency and timely filed his petition with this Court, we need not decide whether the notice of deficiency was sent by registered or

certified mail.[2]  Accordingly, we conclude that the notice is valid and shall deny petitioner's motion to dismiss for lack of jurisdiction.

<u>An appropriate order will be issued.</u>

---

[2] Petitioner filed a motion for the production of documents on Apr. 2, 1998, in which he again argues that this case should be dismissed because respondent has offered no evidence showing that petitioner signed for the notice of deficiency when it was delivered.  Petitioner also requests that respondent produce the documents used to calculate petitioner's deficiency.  In this opinion we address only the issue of jurisdiction.  Because we conclude that we have jurisdiction, issues concerning the correctness of respondent's determination would be considered in a later proceeding.