PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ST. JOSEPH LEASE CAPITAL
CORPORATION,
               *Petitioner-Appellant,*

v.

COMMISSIONER OF INTERNAL REVENUE,
               *Respondent-Appellee.*

No. 99-2473

Appeal from the United States Tax Court.
(Tax Ct. No. 95-249)

Argued: September 28, 2000

Decided: December 20, 2000

Before NIEMEYER and MICHAEL, Circuit Judges, and
Frederick P. STAMP, Jr., Chief United States District Judge
for the Northern District of West Virginia, sitting by designation.

---

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Michael and Chief Judge Stamp joined.

---

## COUNSEL

**COUNSEL:** Henry G. Zapruder, BAKER & HOSTETLER, L.L.P.,
Washington, D.C., for Appellant. Gilbert Steven Rothenberg, Tax
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellee. **ON BRIEF:** Paula M. Junghans, Acting
Assistant Attorney General, Ellen Page DelSole, Tax Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

## OPINION

NIEMEYER, Circuit Judge:

We are presented with the question under the Tax Code of whether the mailing by the Internal Revenue Service ("IRS") of a misaddressed notice of income tax deficiency suspended — under 26 U.S.C. § 6503(a) — the running of the three-year limitations period within which the IRS must assess taxes due. For the reasons that follow, we affirm the United States Tax Court's decision that this period of limitations was suspended by the mailing, when the taxpayer received actual notice of the deficiency and still had sufficient time within which to file a petition under 26 U.S.C. § 6213(a) for a Tax Court redetermination of the deficiency.

I

St. Joseph Lease Capital Corporation ("the taxpayer") filed federal income tax returns on October 15, 1991, for the tax years 1985-1990. The period of limitations within which the IRS could assess a deficiency for those returns was three years, and would thus expire on October 15, 1994, absent tolling. *See* 26 U.S.C. § 6501(a).

Following an audit of these returns, the IRS mailed a deficiency notice to the taxpayer on October 6, 1994, shortly before the expiration of the three-year limitations period. Two copies of the notice of deficiency were mailed to the taxpayer, addressed as follows:

St. Joseph Lease Capital Corporation
Post Office Box 19307
Alexandria, Virginia 22320

and

St. Joseph Lease Capital Corporation
6019 Tower Court
Alexandria, Virginia 22320

In addition, the IRS mailed a copy of the notice of deficiency to the taxpayer's attorney, Roger A. Pies, at his address in Washington, D.C.

The taxpayer had earlier appointed Pies its attorney-in-fact for purposes of income tax matters for the 1985-1990 tax years. The addresses that the IRS used were those maintained in its computer and were concededly accurate up until August 1994, although they became inaccurate by the time of the October 6 mailing.

In late August 1994, the taxpayer hired a new attorney, Robert M. Levin, to represent it in connection with tax matters, and on September 1, 1994, the taxpayer submitted to the IRS a new Form 2848, which appointed Levin, in place of Pies, as taxpayer's attorney-in-fact. Around the same time, the taxpayer's parent corporation sent the IRS a Form 851 (affiliation schedule) that listed a new street address for the taxpayer at 218 North Lee Street, Alexandria, Virginia 22314. A few weeks later, on September 21, 1994, the taxpayer itself sent the IRS a Form 8822 (change of address) by overnight courier, also listing this address as the taxpayer's new address.

Because the taxpayer's change of attorney and new addresses had not, as of October 6, 1994, been incorporated in the IRS's computer information base, all three copies of the notice of deficiency mailed on October 6, 1994, were misaddressed, and all three were returned. The first returned notice was stamped "Box Closed, No Forwarding Order." The second was stamped "Return to Sender, Unclaimed." And the third was returned unopened with a cover letter from Pies stating that he no longer represented the taxpayer.

The IRS did nothing with the returned notices until specifically requested to do so several weeks later. When the taxpayer's new attorney, Levin, discovered on November 2, 1994, that a deficiency notice had been mailed to the taxpayer in early October, he requested a copy of the notice. The IRS faxed him a copy on November 10, 1994. It was thus received by the taxpayer more than three years after the taxpayer initially filed its returns.

On January 3, 1995, the taxpayer filed a petition with the United States Tax Court for a redetermination of its tax deficiency. In that proceeding, the parties filed cross-motions for summary judgment on whether the IRS was barred from assessing a deficiency because it misaddressed the notices of deficiency and the taxpayer received actual notice more than three years after filing its returns. The Tax

Court concluded that even assuming that the IRS did not mail the notice of deficiency to the taxpayer at its last-known address* — a condition that would have conclusively imputed notice to the taxpayer under 26 U.S.C. § 6212(b) — its mailing of the October 6 notice effectively tolled the statute of limitations because the taxpayer actually received a copy of the notice by fax on November 10, 1994, and the taxpayer had ample time to file a timely petition with the Tax Court.

Following the Tax Court's ruling, the parties entered into a settlement that resolved their dispute regarding the amount of taxes due, but they expressly preserved the taxpayer's right to appeal the Tax Court's determination of the statute of limitations issue. This appeal was taken to review the single issue of whether any of the misaddressed October 6 notices suspended the running of the three-year limitations period pursuant to 26 U.S.C. § 6503(a)(1), a question of law that we review *de novo*. *See Balkissoon v. Commissioner of Internal Revenue*, 995 F.2d 525, 527 (4th Cir. 1992).

II

The Tax Code provides that the IRS must assess any deficiency in the payment of income taxes within three years after a return is filed, *see* 26 U.S.C. § 6501(a), and generally no assessment can be made until a notice of deficiency has been mailed to the taxpayer, *see id*. § 6213(a). When a notice of deficiency is mailed to the taxpayer, the three-year period is extended 90 days from the mailing to permit the taxpayer an opportunity to petition the Tax Court for a redetermination of the deficiency. *See id*. §§ 6213(a), 6503(a). If the taxpayer files a petition for a redetermination of the deficiency, the three-year period is extended yet further until 60 days following the date when

---

*The issue of whether, in fact, the IRS's mailing to addresses that were correct as of late August 1994 constituted a mailing to the "last-known address" has not been decided. The IRS contends that the old addresses remained the "last known address" until the end of the 45-day processing period established by its internal procedures. *See* Rev. Proc. 90-18, 1990-13 I.R.B. 19. For purposes of this appeal, however, the parties have assumed that the IRS's mailing was not to the taxpayer's last-known address.

the decision of the Tax Court on the taxpayer's petition becomes final. *See id.* § 6503(a). Until the Tax Court's decision becomes final, the IRS may not take any steps to assess and collect the taxes claimed. *See id.* § 6213(a). If the taxpayer fails to take advantage of the 90-day window within which to petition the Tax Court for a redetermination, the IRS may assess the deficiency and begin collecting the tax immediately after the 90 days have run. The taxpayer, however, does not lose the opportunity to challenge the assessment of deficiency merely because it fails to petition the Tax Court. It may pay the taxes and then sue the United States for a refund in federal district court. *See id.* §§ 6212(a), 6213(a), 6511, 6532(a), 7422.

Thus, the IRS's mailing of a notice of deficiency simultaneously serves two functions. First, it tolls the three-year statute of limitations, and second, it commences a process that enables the taxpayer to challenge the deficiency.

In this case, the parties agree that the IRS mailed a notice of deficiency by certified mail within three years after the taxpayer filed its returns. The taxpayer contends, however, that because the IRS misaddressed the notice, the mailing was "a nullity" and ineffective for all purposes. Without a mailing, the statute of limitations under 26 U.S.C. § 6503(a) was never tolled, and therefore the IRS could not assess any deficiency after October 15, 1994, as it purported to do. The IRS contends to the contrary that its October 6 notice of deficiency was valid and, having been mailed to taxpayer before the expiration of three years from the taxpayer's filing of its returns, tolled the statute of limitations. It argues that the defect in mailing was of no consequence "because taxpayer actually received [the notice] without prejudicial delay and filed a timely petition."

To resolve this dispute, we begin with the statutory language, as we must. Section 6503(a)(1) provides that the three-year period of limitations for making an assessment is suspended "after the mailing of a notice under § 6212(a)." Section 6212(a) requires that the notice of deficiency to the taxpayer include notice "of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office" and authorizes that the notice be sent to the taxpayer by certified mail or registered mail. This section imposes no other requirements for the mailing. Significantly, the

mailing that suspends the running of the limitations period under § 6503(a)(1) is explicitly a § 6212(a) mailing; there is no requirement that the deficiency notice be mailed as required by § 6212(b), which conclusively imputes notice to the taxpayer if the notice is mailed to the taxpayer's "last-known address." Accordingly, we conclude that § 6503(a) means what it says — in order to suspend the running of the limitations period under § 6503(a), a mailing must comport with the requirements of § 6212(a), but need not comport in any way with § 6212(b).

The taxpayer contends that in reading § 6503(a), we should infer that a mailing must be received by the taxpayer in order for it to suspend the running of the three-year limitations period. To support this argument, the taxpayer relies upon *Mulvania v. Commissioner of Internal Revenue*, 769 F.2d 1376 (9th Cir. 1985), which held that a misaddressed notice of deficiency was invalid because the taxpayer never actually received a copy of the notice, and *Reddock v. Commissioner of Internal Revenue*, 72 T.C. 21 (1979), which held that when the IRS re-mailed an earlier misaddressed notice to the correct address, it abandoned the first mailing which could not then be used to toll the statute of limitations.

The taxpayer's argument, however, finds support in neither the language of the statute nor the commonly understood meaning of "mailing." Section 6503(a) does not on its face require that a mailing actually be received by the taxpayer. And in the absence of an explicit requirement of receipt, we are left with a question of statutory interpretation turning on the meaning of "mailing." As commonly understood, "mailing" means the placement of a letter — "properly addressed and stamped with the proper postage" — in the custody of the Postal Service. *Black's Law Dictionary* 952 (6th ed. 1990); *cf.* 26 U.S.C. § 7502(a). There is no dispute that the notices in this case contained addresses proper for mailing (i.e., consistent with postal regulations), were stamped, and were placed in the custody of the Postal Service. A mailed letter does not later become "unmailed" if it is never delivered or if it is returned. On the contrary, a letter that is returned has both the attributes of having been "mailed" and of having been "returned."

Our conclusion that the running of the limitations period under § 6503(a) is suspended simply by a mailing to the taxpayer and not

by receipt is corroborated by the cases applying § 6503(a) to circumstances in which a notice is mailed *before* the expiration of three years but is received *after* the expiration. These cases have held uniformly that such a notice tolls the statute of limitations. *See*, *e.g.*, *Scheidt v. Commissioner of Internal Revenue*, 967 F.2d 1448, 1450-51 (10th Cir. 1992); *Borgman v. Commissioner of Internal Revenue*, 888 F.2d 916, 917-18 (1st Cir. 1989); *Pugsley v. Commissioner of Internal Revenue*, 749 F.2d 691, 692-93 (11th Cir. 1985); *Clodfelter v. Commissioner of Internal Revenue*, 527 F.2d 754, 757 (9th Cir. 1975); *Frieling v. Commissioner of Internal Revenue*, 81 T.C. 42, 53-60 (1983). In none of these cases did the court find that the statute includes an implied receipt requirement. In each, the court concluded that the statute of limitations had been effectively tolled even though the notice was received *after* the three years expired.

The taxpayer seeks to distinguish these precedents on the basis that the mailing in each case was the mechanism that ultimately gave the taxpayer notice, whereas in this case, the taxpayer received the notice by fax, and not from the mailing. This argument, however, necessarily returns to the argument that "mailing," as used in the statute, implies a requirement of "receipt" — an argument that the holdings in these cases implicitly rejected.

We find ourselves in agreement with the Tenth Circuit's observation that "mailing" should not be interpreted in a manner that adds more to the term's meaning than it ordinarily encompasses: "Absent any evidence of Congressional intent, we decline to graft an additional prerequisite to the tolling of the limitations period based on whether a taxpayer receives the notice of deficiency in the due course of the mails." *Scheidt*, 967 F.2d at 1451; *see also Lifter v. Commissioner of Internal Revenue*, 59 T.C. 818, 823-24 (1973) (finding that the limitations period was tolled when taxpayers actually received a copy of a notice mailed to their attorney, although not the original notice mailed to them, which had been returned to the IRS); *cf. Mulvania*, 769 F.2d at 1380-81 (concluding that mailing did not toll the statute of limitations when the taxpayer neither received notice nor filed a petition with the Tax Court).

The taxpayer in this case relies most heavily on the Tax Court's decision in *Reddock*, which held a returned mailing abandoned when

the IRS remailed the notice. The facts there are indeed analogous to those before us. The only potentially relevant difference is that, in *Reddock*, the IRS *remailed* the return notice after the three-year period expired, thus abandoning the original mailing, *see* 72 T.C. at 25-27, whereas, in this case, the IRS faxed a copy of the original notice after the three years expired. The IRS contends that this difference in the method of providing actual notice sufficiently distinguishes this case from *Reddock*. It asks us to agree with the Tax Court's finding in this case that the IRS did not abandon the original mailing, but instead continued to hold the original "returned" mailing and notified the taxpayer independently by fax.

We find this distinction unpersuasive. The subsequent service on the taxpayer of a returned notice originally sent by certified or registered mail is the equivalent of the second mailing at issue in *Reddock*. *See Tenzer v. Commissioner of Internal Revenue*, 285 F.2d 956, 958 (9th Cir. 1960). In addition, we have previously made clear that the method by which the IRS provides notice is irrelevant — any "method of delivery" is a valid mailing as long as the taxpayer receives the notice of deficiency. *Balkissoon*, 995 F.2d at 528. Accordingly, we conclude that faxing the notice of deficiency is the functional equivalent of mailing it. If, therefore, the reasoning employed by the Tax Court in *Reddock* were to control the outcome here, the taxpayer would prevail.

We disagree, however, with the *Reddock* court's conclusion that by remailing the notice, the IRS abandons the original misaddressed mailing, rendering it ineffective for purposes of tolling the statute of limitations under § 6503(a). The statutory language itself plainly provides that a mailing suspends the running of the period of limitations and that suspension occurs when the mailing is complete, i.e., upon deposit of the letter with the Postal Service. It does not provide that the "mailing" is effective only if there is no remailing. We reject this argument for the same reason that we concluded that mailing does not imply receipt. We find more persuasive the *Tenzer* court's statement that even though a second mailing may provide actual notice, the first notice is not "wholly void" but is "good enough to arrest the statute of limitations." 285 F.2d at 958.

As noted above, a "mailing" under § 6503(a) simultaneously serves two purposes. The first is to suspend the running of the three-year

limitations period, and the second is to commence a process by which the taxpayer can challenge a deficiency. If the taxpayer does not receive notice from the mailing, the consequence must relate to the purpose of the mailing. By not including a receipt requirement in § 6503(a), Congress meant to provide an objective act within the control of the IRS by which the IRS could suspend the running of limitations. This is accomplished by the simple act of mailing, as that term is generally understood. Congress also meant to begin a process for the assessment of a deficiency, expecting, but not requiring, that in most cases the simple mailing would provide the taxpayer with the notice of deficiency. If the taxpayer does not receive notice of the process' commencement through a mailing under § 6503(a), then the consequence as relevant to this second purpose would be to give the taxpayer the process lost through an ineffective mailing. If we were, instead, to conclude that the consequence of an ineffective mailing under § 6503(a) would be a waiver of tax liability, we would be converting a mechanism designed only to give the taxpayer an opportunity to challenge a proposed deficiency into a mechanism for avoiding tax liability altogether.

The statutory scheme anticipates that the "vast majority of taxpayers will be informed that a tax deficiency has been determined against them." *Balkissoon*, 995 F.2d at 528 (quoting *Jones v. United States*, 889 F.2d 1448, 1450 (5th Cir. 1989)). But even when they are not so informed, this scheme giving the taxpayer the opportunity to seek a Tax Court redetermination of a deficiency should not be read to undermine the Tax Code's overarching purpose of collecting the taxes.

Even if the taxpayer had never received a deficiency notice, it would not have lost the opportunity to challenge the amount of tax owed; it would have lost only the opportunity to challenge the amount owed *prior to paying the tax and suing for a refund*. And in this case, the taxpayer did not even lose that. It lost a few weeks to prepare its Tax Court petition — a period that it does not assert prejudiced it. Indeed, the time that the taxpayer lost in this case is no greater than the time delays in other cases in which the statute of limitations was found to have been tolled. *See*, *e.g.*, *Scheidt*, 967 F.2d at 1449 (one-month delay from mailing to receipt); *Tenzer*, 285 F.2d at 956 nn. 2,

4 (same); *Dolezilek v. Commissioner of Internal Revenue*, 212 F.2d 458, 459 (D.C. Cir. 1954) (45-day delay from mailing to receipt).

But, to conclude that the taxpayer's failure to receive notice from the mailing under 26 U.S.C. § 6503(a) should deprive the IRS of all opportunity to assess the taxpayer's taxes, even though the taxpayer received actual notice of the mailing within sufficient time to file a petition with the Tax Court, would bring about a strangely unbalanced result that would mindlessly focus on the success of a "mailing" and not on the substance of the statutory provision involved, i.e., to suspend the running of the limitations period and to commence a process. Although it is true that the IRS's conformity with 26 U.S.C. § 6212(b) (mailing to the taxpayer's last-known address) would provide it with a safe harbor and relieve it of all risk of non-receipt, a mailing not conforming with § 6212(b) is still presumptively valid. But the question then becomes simply what the effect of a misaddressed mailing should be. In the context of tolling the statute of limitations, a misaddressed mailing is of no consequence. The statute requires mailing and that was accomplished. In the context of the taxpayer's challenge to the deficiency, we must ask if the taxpayer was prejudiced. We note that when a mailing provides the taxpayer actual notice so that the taxpayer has sufficient time to petition the Tax Court, the courts have uniformly held that any technical flaw in the mailing is harmless. *See*, *e.g.*, *Balkissoon*, 995 F.2d at 528-29 (citing cases). Similarly, when a mailing itself does not provide the taxpayer with a copy of the deficiency notice, but the taxpayer otherwise receives such notice, we can only conclude that the same technical flaw in the mailing is just as harmless.

In sum, while the Tax Code does not explicitly address the effect of the IRS's failure to comport with the method of mailing that would provide it safe-harbor protection under § 6212(b), it does address what suspends the running of the three-year limitations period for making a tax assessment. It provides that such a suspension is effected by a "mailing of a notice [of deficiency] under § 6212(a)," without more. 26 U.S.C. § 6503(a). And if the mailing is technically deficient but the taxpayer receives actual notice of the deficiency and an opportunity to petition the Tax Court for a redetermination of the deficiency, then the technical deficiency is harmless for all purposes and should not undermine the strict language of § 6503(a). Under this

interpretation, the precision of the Tax Code is preserved, its intent is fulfilled, and justice is served by not allowing the taxpayer to receive a windfall exemption from paying taxes because of a mailing defect whose importance relates only to a challenge process in which the taxpayer was not prejudiced.

For the foregoing reasons, the decision of the Tax Court is

*AFFIRMED*.