T.C. Memo. 2001-94

UNITED STATES TAX COURT

ESTATE OF KESTUTIS BISKIS, DECEASED, MEILUTE BISKIS,
INDEPENDENT ADMINISTRATOR AND MEILUTE BISKIS, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 287-00.                          Filed April 17, 2001.

<u>Dominic S. Rizzo</u>, for petitioners.

<u>Marie E. Small</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before
the Court on petitioners' Motion to Dismiss for Lack of
Jurisdiction filed pursuant to Rule 40.[1]  Petitioners contend

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the years in issue,
(continued...)

that we lack jurisdiction because the notice of deficiency was invalid. Further, petitioners argue that respondent is barred from proceeding in this case because the 3-year statute of limitations period provided by section 6501(a) expired.

Background

At the time of filing the petition, petitioner Meilute Biskis resided in Downers Grove, Illinois. All references to petitioner are to Meilute Biskis.

Kestutis Biskis (Mr. Biskis) and petitioner jointly filed their Federal income tax return for taxable year 1995 on October 17, 1996. Mr. Biskis died on May 28, 1997, in Lithuania.

On September 8, 1999, petitioner submitted to respondent Form 2848 (Power of Attorney and Declaration of Representative) appointing Vytautas Vebeliunas, an accountant, to represent petitioner and the estate of Mr. Biskis for taxable year 1995. Petitioner requested that Mr. Vebeliunas receive all original communications from respondent, and all copies should be sent to petitioner. On September 30, 1999, Ms. Winslow, an Internal Revenue Service (IRS) tax auditor, notified petitioners and Mr. Vebeliunas that petitioner had failed to file Form 56 (Letter of Testamentary and Death Certificate) which was required to validate Form 2848 as to the estate of Mr. Biskis.

---

[1](...continued)
and all Rule references are to the Tax Court Rules of Practice and Procedure.

On October 6, 1999, respondent mailed by certified mail a notice of deficiency addressed to Mr. Biskis and petitioner at 5705 Janes Avenue, Downers Grove, Illinois. The notice determined a deficiency in their joint income tax for 1995. On October 23, 1999, petitioner received the notice wrapped in a plastic bag. The envelope in which the statutory notice was contained was ripped, and a letter of apology from a manager of a branch of the U.S. Postal Service (USPS) was affixed to the envelope or plastic bag. Respondent did not send the original or a copy of the notice of deficiency for taxable year 1995 to Mr. Vebeliunas. Upon receipt of the notice of deficiency, petitioner immediately forwarded the notice to Mr. Vebeliunas.

Respondent sent a copy of the notice of deficiency to petitioners on December 2, 1999.[2] Respondent did not send an original or a copy of the notice of deficiency to Mr. Vebeliunas. On January 6, 2000, petitioners filed a timely petition with this Court.

Petitioners filed the instant motion, asserting that the notice of deficiency was invalid, because the original notice was not sent to the individual listed on Form 2848. Further, petitioners argue that even if the notice was valid, it was untimely since it was not properly mailed, and it was received by petitioners after the period of limitations expired.

_____

[2] The letter was erroneously dated Dec. 2, 2000.

Respondent asserts that the notice of deficiency was valid, even if it was not mailed to petitioners' last known address, because the notice was actually received by petitioners and petitioners filed a timely petition with this Court. Further, respondent argues the period of limitations was tolled on October 6, 1999, by the timely mailing of the notice of deficiency.

Discussion

A. Validity of the Statutory Notice

Section 6212(a) provides that the Secretary is authorized to send a notice of deficiency to a taxpayer by certified mail or registered mail. If a notice of deficiency is mailed to a taxpayer within the United States, the taxpayer may file a petition in this Court within 90 days after the notice of deficiency is mailed. See sec. 6213(a). A valid notice of deficiency and a timely petition are prerequisites to the jurisdiction of the Tax Court. See Wilt v. Commissioner, 60 T.C. 977 (1973).

Section 6212(b)(1) permits respondent to mail the notice to a taxpayer's last known address. Section 6212(b)(1) is not a mandatory provision; rather, it is a safe harbor that does not require respondent to establish actual delivery for a valid notice. See St. Joseph Lease Capital Corp. v. Commissioner, 235 F.3d 886, 888-889 (4th Cir. 2000), affg. T.C. Memo. 1996-256; McKay v. Commissioner, 89 T.C. 1063, 1067-68 (1987), affd. 886

F.2d 1237 (9th Cir. 1989); Frieling v. Commissioner, 81 T.C. 42, 57 (1983).

A notice of deficiency will be valid if the taxpayer actually receives the notice in sufficient time to file a timely petition without prejudicial delay. See Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983). "Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme." Mulvania v. Commissioner, supra at 68. We have held that a taxpayer is not prejudiced if he received the notice and had 69 days remaining in the 90-day period to file a petition. See Bonty v. Commissioner, T.C. Memo. 1997-372; Bowers v. Commissioner, T.C. Memo. 1991-609; Loftin v. Commissioner, T.C. Memo. 1986-322 (30 days remaining).

Respondent mailed the notice of deficiency by certified mail to petitioners on October 6, 1999. Petitioners actually received the notice of deficiency on October 23, 1999, 17 days after the notice was mailed, allowing petitioners 73 days to file a petition in this Court. Petitioner immediately forwarded the notice to Mr. Vebeliunas, and a timely petition was filed with this Court. Accordingly, since petitioners received the notice of deficiency and filed a timely petition with this Court, we conclude the notice of deficiency is valid. As a result of this

conclusion, we need not, and do not, decide whether the notice was sent to petitioners' "last known address".[3]

B. The Damaged Notice

Petitioners argue that the notice of deficiency mailed on October 6, 1999, was damaged by the USPS, and, as a result, the notice was invalid. Petitioners submitted a copy of the torn envelope with the apology notice from the USPS. Petitioners did not submit an original or copy of the notice of deficiency. In successive pleadings by petitioners, the condition of the notice of deficiency deteriorated from "damaged" to "destroyed". We have some doubt as to the extent of the damage to the notice of deficiency. However, petitioners were not prejudiced, as they received actual notice and in fact filed a timely petition with this Court contesting the determinations in the notice.

C. Statute of Limitations

Section 6501(a) provides that respondent generally must assess any deficiency in the payment of income taxes within 3 years of the filing of a return. The period of limitations is suspended upon the mailing of a notice of deficiency pursuant to section 6212(a). See sec. 6503(a)(1). This Court has repeatedly held that the date the notice of deficiency is mailed, not the date on which it was received by the taxpayer, determines whether

---

[3] For the same reasons, we need not decide whether the Form 2848, as to Mr. Biskis' estate, was a valid power of attorney.

the notice is timely.  See Frieling v. Commissioner, supra at 54; Whirlpool Corp. v. Commissioner, 61 T.C. 182 (1973); Morrison v. Commissioner, 11 T.C. 696, 704 (1948), affd. per curiam 177 F.2d 351 (2d Cir. 1949); also see St. Joseph Lease Capital Corp. v. Commissioner, supra.

Petitioners assert that a notice of deficiency must be received by a taxpayer before the expiration of the period of limitations.  Petitioners filed their 1995 tax return on October 17, 1996.  The notice was mailed to petitioners on October 6, 1999, less than 3 years after the 1995 tax return was filed. Therefore, respondent timely mailed the statutory notice to petitioners prior to the expiration of the 3-year period.

Petitioners further argue that the notice of deficiency was untimely because the original was not sent to petitioners' representative, whose address constitutes petitioners' last known address.  This Court and others have interpreted sections 6212(a) and 6503(a) to provide that a notice sent by mail will toll the period of limitations, so long as the taxpayer has actual notice and is not prejudiced in seeking redress to this Court.  See St. Joseph Lease Capital Corp. v. Commissioner, supra at 889; Scheidt v. Commissioner, 967 F.2d 1448, 1450-51 (10th Cir. 1992), affg. T.C. Memo. 1985-235; Pugsley v. Commissioner, 749 F.2d 691, 692-93 (11th Cir. 1985); Clodfelter v. Commissioner, 527 F.2d at 757; Frieling v. Commissioner, supra.

As we previously indicated, petitioners received actual notice of the deficiency from respondent.  Petitioners timely filed a petition with this Court.  Therefore, the mailing of the notice on October 6, 1999, tolled the period of limitations, and we hold for respondent on this issue.

Conclusion

For the reasons set forth above, we shall deny petitioners' motion to dismiss for lack of jurisdiction.  In so holding, we have carefully considered the remaining arguments made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, we consider those arguments to be without merit.

To reflect the foregoing,

An appropriate order

will be issued.