T.C. Memo. 2008-166

UNITED STATES TAX COURT

GARDNER N. AND MARIA MARCY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12149-04.                    Filed July 7, 2008.

<u>Rodney W. Osborne</u>, for petitioners.

<u>John Aletta</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  This matter is before the Court on
petitioners' motion to dismiss for lack of jurisdiction.[1]

---

[1] Although styled as a motion to dismiss for lack of
jurisdiction, petitioners' claim is that no valid notice of
deficiency was sent to them before the expiration of the period
of limitations on assessment.  Such a claim is an affirmative
defense under Rule 39, Tax Court Rules of Practice and Procedure,
(continued...)

Petitioners' motion contends that the Court lacks jurisdiction because the notices of deficiency with respect to petitioners' 2000 taxable year were not mailed to them before the expiration of the period of limitations on assessment.  Respondent objects.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference.  Petitioners resided in Illinois when they filed their petition.

Petitioners timely filed their Federal income tax return for 2000 on or before April 15, 2001.  Petitioner's return was due by April 16, 2001, because April 15 fell on a Sunday in that year. On April 14, 2004, respondent mailed a duplicate notice of deficiency with respect to petitioners' 2000 taxable year by certified mail with return receipt requested to each petitioner at his or her last known address and a copy of the notice to their attorney, Rodney W. Osborne.[2]  Respondent applied metered postage of $3.36 to each of the three envelopes, sufficient to pay the cost of certified mailing for each notice, but

---

[1](...continued)
and would not, even if meritorious, deprive us of jurisdiction. Because, as discussed hereinafter, petitioners' claim is meritless, we do not pursue this distinction further.

[2] Mr. Osborne had previously filed a valid power of attorney with respondent authorizing Mr. Osborne to represent petitioners with respect to their 2000 taxable year.

insufficient (by $1.75 for each) to pay for the return receipt service requested.[3]

On April 17, 2004, the notices of deficiency mailed to petitioners were delivered to petitioners' last known address (i.e., their residence) and received by petitioner Maria Marcy's daughter, who resided there. The notice envelopes bore the marking "POSTAGE DUE $1.75". That amount was paid upon delivery. On April 19, 2004, petitioners' attorney received the copy of the notice of deficiency mailed to him. The envelope containing the copy did not bear any notation concerning postage due and was delivered without additional charge.

On July 12, 2004, petitioners filed a timely petition with respect to the notice of deficiency.

OPINION

Petitioners argue that the notices of deficiency are invalid because, on account of respondent's affixing insufficient postage when the notices were delivered to the post office, the notices were not mailed according to the requirements of section 6212(a).[4] Petitioners contend that, as a result, the mailing of the notices on April 14, 2004, did not operate to suspend the running of the period of limitations pursuant to section

---

[3] Each envelope was stamped "RETURN RECEIPT REQUESTED."

[4] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

6503(a)(1), and the period of limitations expired on April 16, 2004, before petitioners or their attorney received the notices.

Section 6501(a) generally requires that the amount of any tax imposed by the Internal Revenue Code be assessed within 3 years after the return is filed (whether timely or late). For purposes of the foregoing, a return filed before its due date is treated as filed on the due date. Sec. 6501(b)(1). Income tax returns of calendar year individual taxpayers are generally due on April 15 following the close of the calendar year. Sec. 6072(a). The parties have stipulated that petitioners' return was filed on or before April 15, 2001, and because April 15 fell on a Sunday in 2001, the due date for petitioners' return was April 16, 2001. Thus, under section 6501(b)(1) petitioners' return is treated as filed on April 16, 2001, for purposes of the period of limitations on assessment. Consequently, the period of limitations on assessment for petitioners' 2000 return would have expired on April 16, 2004, absent tolling.

The running of the section 6501(a) period of limitations on assessment is suspended "after the mailing of a notice under section 6212(a)". Sec. 6503(a)(1); see also St. Joseph Lease Capital Corp. v. Commissioner, 235 F.3d 886, 888-889 (4th Cir. 2000), affg. T.C. Memo. 1996-256; Frieling v. Commissioner, 81 T.C. 42, 57 (1983). The parties have stipulated that respondent mailed duplicate notices of deficiency for 2000 via certified

mail, return receipt requested, on April 14, 2004, to petitioners at their last known address and a copy to their attorney. Petitioners nonetheless argue that a mailing for purposes of sections 6212(a) and 6503(a)(1) was not effected when respondent delivered the notices of deficiency to the post office without sufficient postage to cover the cost of certified mail plus the "return receipt requested".  Mailing for this purpose, petitioners argue, requires that "proper postage * * * be paid at the time of the delivery to the Post Office."  We disagree.

While it is true that section 6212(a) provides, with respect to a deficiency in income tax, that the Secretary is "authorized to send notice of such deficiency to the taxpayer by certified or registered mail", courts construing that provision have generally held that where the taxpayer has received actual notice of the notice of deficiency's contents in time to file a Tax Court petition, defects in the address or the mailing category used are inconsequential.  "[T]he important thing is that the taxpayer have actual notice and not that he have it in any particular way."  Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); see also Boren v. Riddell, 241 F.2d 670, 672-673 (9th Cir. 1957) (notice of deficiency sent by regular mail sufficient for purposes of section 6212(a)).

Because petitioners actually received the notices of deficiency in time to petition the Tax Court, and indeed did so,

we conclude as more fully discussed below that the notices of deficiency were valid and operated to suspend the running of the period of limitations.  We note first that section 6212(a) does not prescribe that notices of deficiency be sent by certified mail with return receipt requested; the statute merely authorizes sending by certified mail.  See Epstein v. Commissioner, T.C. Memo. 1989-498; Eisenberg v. Commissioner, T.C. Memo. 1983-767.

More fundamentally, petitioners' position is contradicted by a consistent line of cases in this Court and the Courts of Appeals holding that defects in the mailing of a notice of deficiency under section 6212(a) are inconsequential where the taxpayer receives actual notice in time to file a petition for redetermination in the Tax Court.  See, e.g., St. Joseph Lease Capital Corp. v. Commissioner, supra at 891-892; Balkissoon v. Commissioner, 995 F.2d 525, 528-529 (4th Cir. 1993), affg. T.C. Memo. 1992-322 and T.C. Memo. 1992-223; Scheidt v. Commissioner, 967 F.2d 1448, 1450-1451 (10th Cir. 1992), affg. T.C. Memo. 1985-235; McKay v. Commissioner, 886 F.2d 1237, 1238-1239 (9th Cir. 1989), affg. 89 T.C. 1063 (1987); Clodfelter v. Commissioner, supra; Boren v. Riddell, supra; Frieling v. Commissioner, supra. This is true whether the notice is sent to the wrong address, yet is received by the taxpayer, see Scheidt v. Commissioner, supra; Clodfelter v. Commissioner, supra; Frieling v. Commissioner, supra; sent to the wrong address and never received by the

taxpayer and the taxpayer receives actual notice in some other fashion, see <u>St. Joseph Lease Capital Corp. v. Commissioner</u>, <u>supra</u>; <u>McKay v. Commissioner</u>, <u>supra</u>; or there are defects in the mailing process, such as the use of ordinary rather than statutorily prescribed certified or registered mail, and the mailing nonetheless results in receipt by the taxpayer, see <u>Balkissoon v. Commissioner</u>, <u>supra</u>; <u>Boren v. Riddell</u>, <u>supra</u>.  In all such circumstances, if the taxpayer receives actual notice without delay prejudicial to his ability to file a petition in the Tax Court, the defects in mailing relating to the address or postage do not affect the validity of the notice of deficiency.

Indeed, given that actual notice of the notice of deficiency's contents cures even a notice of deficiency never received by the taxpayer, <u>St. Joseph Lease Capital Corp. v. Commissioner</u>, <u>supra</u>; <u>McKay v. Commissioner</u>, <u>supra</u>, it would follow that a notice of deficiency actually received by the taxpayer notwithstanding insufficient postage, as occurred here, is valid for purposes of sections 6212(a) and 6503(a)(1).  The cases treating the use of ordinary mail rather than certified mail as an immaterial defect, see <u>Balkissoon v. Commissioner</u>, <u>supra</u>; <u>Boren v. Riddell</u>, <u>supra</u>, support this conclusion, see also <u>Twenty-Three Nineteen Creekside, Inc. v. Commissioner</u>, 59 F.3d 130, 133 (9th Cir. 1995) (Commissioner's failure to pay postage sufficient to cover cost of requested certified mail immaterial

for purposes of mailing requirement of section 6223(a)), affg. T.C. Memo. 1990-649.

The notices of deficiency were mailed to petitioners on April 14, 2004 (before expiration of the period of limitations), with sufficient postage to cover a certified mailing, they received them 3 days later, and they filed a timely petition in this Court with respect to the notices. Accordingly, their argument that the notices did not suspend the running of the period of limitations pursuant to section 6503(a)(1) because their "mailing" did not conform to section 6212(a) must fail. "'A notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing.'" Balkissoon v. Commissioner, supra at 528 (quoting Scheidt v. Commissioner, supra at 1450-1451); accord St. Joseph Lease Capital Corp. v. Commissioner, 235 F.3d at 889; Clodfelter v. Commissioner, supra at 757; Frieling v. Commissioner, 81 T.C. at 57. We reach the same conclusion here.[5] The notices were

_____

[5] Our conclusion is unaffected by McPartlin v. Commissioner, 653 F.2d 1185, 1192 (7th Cir. 1981), in which the U.S. Court of Appeals for the Seventh Circuit (the appeal venue in this case) held that where a notice of deficiency was not mailed to the taxpayers' last known address and was not received by them until after the expiration of the 90-day period in which to file a petition with the Tax Court (under sec. 6213(a)), it is the taxpayer's receipt of the notice of deficiency rather than its mailing that commences the running of the 90-day period for petitioning the Court. Petitioners received the notices of

(continued...)

mailed to petitioners before the period of limitations expired on April 16, 2004.  The limitations period was therefore tolled pursuant to section 6503(a)(1), and we have jurisdiction over this case in view of petitioners' timely petition.[6]

To reflect the foregoing,

<u>An order denying petitioners'</u>

<u>motion will be issued.</u>

---

[5](...continued)
deficiency (at their last known address) with ample time to file a petition and did so--within 90 days of both the mailing and the receipt of the notices.  Thus, <u>McPartlin</u> has no application.  See <u>Frieling v. Commissioner</u>, 81 T.C. 42, 59-60 (1983).

[6] In view of our conclusion that the duplicate notices of deficiency mailed to petitioners tolled the period of limitations pursuant to sec. 6503(a)(1), we do not consider respondent's alternative argument that the copy of the notice mailed to petitioners' attorney sufficed to do so.